## TISDALE v. KINGMAN.

1. MALICIOUS PROSECUTION—COMPLAINT.—In an action to recover damages for the malicious prosecution of a warrant for the enforcement of an agricultural lien, the complaint was properly held bad on demurrer, where it failed to state the termination or discharge of the warrant in favor of the plaintiff to this action; for this requirement applies to actions for malicious prosecution of a civil proceeding as well as of a criminal prosecution.

2. IBID.—IBID.—The allegation in the complaint that defendants caused all the crops in plaintiff's possession to be sold after the lien had been paid, does not state the termination of proceedings under the warrant; for, as it appears that thirty days had not elapsed between the sale and commencement of this action, an issue might have been made under the statute to determine whether anything was due, and other crops not in plaintiff's possession might have been seised, and whether the lien has been paid is not pertinent on a motion to vacate the warrant.

Before FRASER, J., Sumter, October, 1890.

This was an action by George W. Tisdale against C. W. Kingman and George L. Kingman, copartners trading under the firm name of Kingman & Co., commenced January 28, 1890. The opinion states the case.

*Messrs Lee & Moise*, for appellant.

To sustain plaintiff's first exception, he submits that such allegation was not necessary in such action. 16 S. C., 396; 8 Ohio St., 548. In actions for malicious prosecution on the criminal side of the court, the complaint must allege that the prosecution is at an end; because in a criminal prosecution the very question of probable cause is to some extent involved; but, in an effort to set aside a warrant of attachment, the question of probable cause is not involved; upon such a motion, the judge hearing the motion could not inquire into the merits of the issues raised. 28 S. C., 202. The other remedy provided for the relief of the lien, or in cases of foreclosure of lien, is to serve the sheriff, within thirty days after the sale, with notice that the amount claimed is not justly due; if such a course be taken, the only question

raised by the "issue" is, "was the amount due" or not? This in no wise involves the question of want of probable cause. 14 S. C., 478; 33 *Id.*, 234. The complaint alleged that the debt had been paid, the demurrer admits the facts; hence the warrant of attachment was a nullity and the proceeding void "*ab initio;*" in such case no allegation of termination, &c., is necessary. Boone Code Pl., § 167; 16 How. Prac., 262. If the defendants acted wilfully and maliciously, or if they knew that the debt was paid and acted without probable cause, then it was an abuse of legal process, and unnecessary to aver termination, &c. Boone Code Pl., § 167.

*Mr. C. C. Manning,* contra.

August 12, 1891. The opinion of the court was delivered by

MR. JUSTICE McIVER. This being an appeal from an order of his honor, Judge Fraser, sustaining a demurrer upon the ground that the complaint fails to state facts sufficient to constitute a cause of action, it is proper to state first the substantial allegations of the complaint. The first allegation is as to the copartnership of defendants. 2nd. That plaintiff gave to defendants an agricultural lien on his crops to secure the payment of supplies to be advanced to him to an amount not exceeding the sum of two hundred and twenty-five dollars. 3rd. That plaintiff has paid the full amount advanced to him under said lien. 4th. Is practically a repetition of the preceding allegation. 5th. That plaintiff demanded of defendants an itemized account of the advances, which demand was refused. 6th. That defendants demanded of plaintiff that he pay them the further sum of one hundred and twenty-five dollars, which they claimed as the purchase money of a horse; but plaintiff, stating his inability to pay the same, offered to return the horse and pay a reasonable sum for the hire thereof, which offer was not accepted, whereupon defendants applied for and obtained from the clerk of the court a warrant to enforce the lien, "wrongfully and maliciously, and without probable cause," making oath that plaintiff was about to sell and dispose of his crop subject to the lien and to defeat the same, and did "wrongfully, maliciously, and with-

out probable cause, and with intent to injure and oppress the plaintiff," cause said warrant to be placed in the hands of the sheriff, who seized and sold all of plaintiff's remaining crops, on salesday in January, 1890. 7th. That by reason of the wrongful and malicious acts of the defendants the plaintiff has been damaged to the extent of one thousand dollars, for which sum, as well as costs, he demands judgment. The complaint is dated 27th of January, 1890, and is sworn to on the next day, so that the action must have been commenced within less than thirty days after the sale by the sheriff.

The Circuit Judge held "that this was an action for the malicious prosecution of a warrant of attachment," and that the complaint having failed to state "the termination or discharge of said warrant in favor of plaintiff," the demurrer must be sustained. The plaintiff appeals upon two grounds : 1st. That there was error in holding that it was necessary to state in the complaint the termination or discharge of said warrant in favor of plaintiff. 2nd. That there was error in holding that there was no such statement in the complaint.

This case having been held by the Circuit Judge to be an action for malicious prosecution, and no exception having been taken to such ruling, but, on the contrary, the appellant having so treated it in his argument here, the question is, whether in such an action it is necessary to allege that the action or proceeding claimed to have been maliciously instituted has terminated in favor of the plaintiff. There can be no doubt that in such an action, based upon a criminal prosecution, it is necessary to allege and prove that such prosecution has been terminated ; and this is conceded by the appellant in his argument here, but he contends that such an allegation is not necessary where the action is for the malicious prosecution of a civil action or proceeding. It is difficult to perceive any good reason for the distinction contended for. Until the civil action or proceeding has terminated, at least one, if not more, of the material issues involved therein would again be presented by the action for malicious prosecution, and there would be the anomaly of two actions between the same parties pending at the same time, perhaps before different tribunals, involving some, if not all, of

the same issues. This, as we understand it, is one, if not the main, reason for the rule requiring that the action or proceeding upon which the case for malicious prosecution is based, shall be terminated before any action for malicious prosecution can be commenced; and this reason applies as well where the action is based upon a civil action or proceeding as where it is based upon a criminal prosecution. It is true that in the case of a criminal prosecution there is an additional reason, based upon considerations of public policy, but that does not weaken or destroy the other reason for the rule.

For all that appears in this case, there may have been, at the time this action was commenced, another proceeding pending to vacate the warrant issued to enforce the agricultural lien, and if so, then it might have happened that in that proceeding the warrant would be held valid, while if this case is allowed to go on, a different result might be reached. While this may not be at all likely, yet it is sufficient to illustrate the propriety of the rule as above announced. These views are supported by authority. See 14 Am. & Eng. Encycl. Law, 43, where the cases are cited. We are not aware of any case in this State in which the question under consideration has been directly decided, but we think our view is recognized in the case of *Hogg* v. *Pinckney* (16 S. C., 387), in which the action was for malicious arrest, where it was held that while it was not necessary either to allege or prove the termination *of the action* in which the provisional remedy, by arrest and bail, was resorted to, yet it seemed to be recognized that it was necessary to allege and prove the termination of the proceedings under the provisional remedy, which in that case was alleged and proved. So here we think it was necessary to allege and prove that the proceedings under the provisional remedy, by attachment, had terminated in favor of the plaintiff before the commencement of this action.

It is contended, however, under the second ground of appeal, that this allegation was substantially made in the sixth paragraph of the complaint stated above. We cannot so construe the language of that paragraph. There is no intimation there that any proceedings whatever had been instituted to vacate the warrant of attachment, and certainly none that it

terminated in favor of the plaintiff. The inference from what is there stated would be just the contrary, and that the warrant of attachment was still in process of execution at the time of the commencement of the action. · Before the thirty days had expired, within which an issue could be raised to try the question whether there was anything justly due, this action was commenced, and hence we do not see how it could be said that the proceeding under the warrant had terminated. As was suggested in the argument of respondents' counsel, there being no allegation in the complaint that the proceeds of the sale made by the sheriff were sufficient to satisfy the claim under the lien, there was no reason why the sheriff might not have seized and sold any other crops of the plaintiff, if he could find any ; and this is sufficient to show that the proceedings under the warrant had not terminated. It is true that it is stated in the sixth paragraph that the sheriff "did seize and sell all of the crops *remaining in plaintiff's possession*" (italics ours), but that did not preclude the sheriff from levying the warrant upon any other crops which he could find *not in the possession* of plaintiff, subject to the lien.

Nor do we think that the allegation in the complaint that the debt secured by the lien had been fully paid, was sufficient to show that the warrant should be vacated; for it was held by the majority of the court in the case of *Baum* v. *Bell* (28 S. C., 201), that on a motion to vacate a warrant of this kind, the question whether anything was due under the lien was not a pertinent inquiry. The judgment of this court is, that the order of the Circuit Court sustaining the demurrer be affirmed.