## LIPSCOMB v. RICE.

1. ATTACHMENT—EVIDENCE.—A warrant of attachment may be dissolved when there is not sufficient evidence in all the affidavits produced to sustain the facts upon which it was issued.

2. IBID.—MOTION—RULE 57, CIRCUIT COURT.—A notice of motion to vacate a warrant of attachment, because improvidently issued, need not specify the grounds upon which the motion will be made. But such grounds must be set forth when the motion is to vacate for irregularity. Rule 57, Circuit Court, *construed.*

3. IBID.—IBID.—BURDEN OF PROOF.—In a motion to vacate an attachment, because improvidently issued, the burden of proof is upon the plaintiff to show, by the preponderance of evidence, the existence of the facts necessary to sustain the attachment.

Before EARLE, J., Abbeville, February, 1896. Affirmed.

Action by Edwin M. Lipscomb on debt against Maner L. Rice. Warrant of attachment was levied on property of Rice at instance of plaintiff upon the ground that he was disposing of his property with intent to defraud his creditors. Upon motion of defendant, attachment was vacated. Plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite Drake on Attach., sec. 415; *Cureton* v. *Dargan,* 12 S. C., 125; *Brown* v. *Morrison,* 10 S. C., 467; *Kerchner* v. *McCormac,* 25 S. C., 464; *Meyers* v. *Whitehead,* 24 S. C., 196.

*Messrs. Parker & McGowan,* contra, cite *Whitfield* v. *Hovey,* 30 S. C., 118; *Guckenheimer* v. *Libbey,* 42 S. C., 112; 57th Rule Circuit Court, 123; *Clausen* v. *Easterling,* 19 S. C., 579; 22 S. E. R., 375; 25 S. C., 123; *Kerchner* v. *Easterling,* 25 S. C., 467; *Sharp* v. *Palmer,* 31 S. C., 444; *Marshall* v. *Creel,* 22 S. E. R., 597; *Powell* v. *Robertson,*

36 S. C., 314; *Tabb* v. *Gelzer*, 43 S. C., 247; *Roddey* v. *Erwin*, 31 S. C., 46; *Meyers* v. *Whitehead*, 24 S. C., 204.

July 6, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order of his Honor, Judge Earle, setting aside a warrant of attachment, issued by the clerk of the Court of Common Pleas for Abbeville County, in the above stated case. The notice of the motion, a copy of which is set out in the "Case," stated that the motion would be made "on affidavits, of which copies are hereto attached." Those affidavits, together with the original affidavit made by plaintiff when he obtained the warrants of attachment, as well as other affidavits submitted in reply by plaintiff, are all set out in the "Case;" and the following is a copy of the order granted by Judge Earle: "On hearing the motion by the defendant that the writ of attachment against property of defendant, issued by the clerk of the court be set aside: It is ordered, that the motion be granted, and writ of attachment be set aside and rescinded, it being the judgment of the Court, that there was not sufficient evidence in the original affidavit, or those submitted in reply to the affidavits by defendant, to support the allegation of intent to commit fraud by the defendant, in sale of his interest in the firm of Phillips Bros. & Co., to his senior partner, J. P. Phillips."

At the hearing of the motion, the plaintiff objected to the hearing, on the ground that the notice failed to state the grounds on which the motion would be made. The Circuit Judge, without making any specific ruling upon the point thus made, proceeded with the hearing of the motion, and granted the order above copied.

From this order plaintiff appeals, upon the several grounds set out in the record, which substantially raise but two questions: 1st. Whether the Circuit Judge could consider the question as to whether the attachment was *irregularly* issued, in view of the fact that no such irregularity was specified in the notice of the motion. 2d. Whether there was

error in setting aside the attachment as improvidently issued.

Inasmuch as we do not regard the Circuit Judge as having held that the attachment was *irregularly* issued, we do not think that the first of these questions can properly arise upon this record. As was held in *Kerchner* v. *McCormac*, 25 S. C., 461, an attachment may be vacated or set aside upon either one of two grounds: First, where it has been irregularly issued; and, second, where it has been improvidently issued. The first of these grounds is to be determined by an inspection of the affidavit upon which the warrant of attachment was issued, with a view to ascertain whether the facts therein stated are sufficient to warrant a resort to the remedy by attachment; while the second of these questions is to be determined by a consideration of the evidence presented in the affidavits both *pro* and *con*. The first presents a pure question of law, whether the facts stated in the original affidavit are such as are required by the statute as necessary to justify the issuing of an attachment; while the second presents a pure question of fact, whether the evidence found in the affidavit, both *pro* and *con.*, is sufficient to sustain the issuance of an attachment. As was said by the late Chief Justice Simpson, in that case: "His Honor, the Circuit Judge, upon inspection of the affidavit of the plaintiff, Kerchner, upon which the clerk had issued the warrant, held that it was sufficient to sustain the attachment *prima facie*, at least, to such extent as to authorize and require him to consider the affidavits submitted by the defendant against the truth of the allegations in the original affidavit and those of the plaintiff in reply. Upon this hearing, he determined that the allegations of the original affidavit had not been sustained by the preponderance of the evidence." Accordingly he set aside the attachment in so far as they affected all of the defendants, except E. L. McCormac, who, being a nonresident, was liable to the attachment; and this action was sustained by this Court. Now, in this case the terms of Judge Earle's order show conclusively that he did not va-

cate the attachment for *irregularity*, as he not only did not base his order upon a mere inspection of the original affidavit, but, in express terms, bases his judgment upon the ground, "that there was not sufficient evidence in the original affidavit, or those submitted in reply to the affidavits by defendant, to support the allegation of intent to commit fraud by the defendant in the sale of his interest in the firm of Phillips Bros. & Co. to his senior partner, J. P. Phillips," which was the gist of the charge of fraud upon which plaintiff relied to obtain the attachment. Let it be noticed that the language of the Circuit Judge is, "that there was not sufficient *evidence*" to sustain the allegation of fraud, which is a very different thing from saying that the facts stated in the original affidavit were not sufficient *in law* to sustain the attachment. Showing very clearly that the Circuit Judge based his conclusion upon the ground that the attachment was *improvidently* issued, and not upon the ground of any *irregularity*.

This being so, it becomes immaterial to inquire whether the notice of the motion sufficiently specified the grounds upon which it was based, as it is not pretended that any such specification is necessary where an attachment is set aside as *improvidently* issued. Indeed, Rule 57 of the Circuit Court, relied on by plaintiff, by its express terms, only applies "when the motion is for irregularity."

The only remaining inquiry is, whether there was any error in vacating the attachment as improvidently issued. This presents a pure question of fact, and the conclusion of the Circuit Judge, sustained, as we think it is, by the preponderance of the evidence afforded by the affidavits, which we have carefully considered, both *pro* and *con.*, must be affirmed. In the exceptions and in the argument here, counsel for appellant contends, that before an attachment can be set aside as improvidently issued, it must be found as a fact that the statements contained in the affidavit upon which it was obtained are *not true;* and

2—47

the claim is made that there is no such finding of fact in this case. This, it seems to us, is a misconception. The true rule, as we understand it, is this: When a motion is made to set aside an attachment as improvidently issued, the burden of proof is upon the plaintiff to show to the satisfaction of the Court that such facts, as are necessary to justify a resort to such a stringent remedy, exist, and if he fails to sustain such burden, he, like all others who are actors, fails to make out his case, whatever it may be. It then becomes a question of the preponderance of evidence, as in all other civil cases, and if, as in this case, the evidence derived from all the affidavits proves insufficient to entitle him to the remedy which he has invoked, it cannot be allowed him.

It is the judgment of this Court, that the order appealed from be affirmed.

MR. JUSTICE GARY did not sit in this case.