### COKER & CO. v. BARFIELD.

ATTACHMENT—PRACTICE.—RULE 57 OF CIRCUIT COURT is intended to regulate the practice in motions to vacate attachments, and where the motion is made on the ground of irregularity, the notice should specify the irregularity complained of.

Before PURDY, J., Sumter, August, 1904. Reversed.

Motion to vacate attachment in case of J. L. Coker & Co. against D. J. Barfield. From order vacating attachment, plaintiffs appeal.

*Messrs. Cooper & Fraser, F. G. McLeod, Woods & Macfarlan,* for appellant. *Messrs. T. B. Fraser* and *Woods & Macfarlan* cite: *The Court had jurisdiction:* 46 S. C., 517. *Defendant had elected another remedy and was bound by it:* 31 S. C., 336; 7 Ency. P. & P., 363; 13 S. C., 408. *Notice was insufficient:* Rule 57, C. C., 47 S. C., 15.

*Messrs. J. B. McLaughlin* and *R. W. McLendon,* contra (oral argument).

January 9, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from an order of Judge Purdy setting aside a warrant of attachment issued

at the instance of plaintiffs under which the crops of the defendant were seized. This case was heard along with the case of D. J. Barfield *vs.* J. L. Coker & Co. on a single "Case," but this Court for its own convenience decides in a separate opinion.

The warrant of attachment was issued on November 4, 1902, by Magistrate J. S. White, a magistrate for the County of Darlington, but having jurisdiction at that time in that portion of Lee County formerly embraced in Darlington County. In August, 1904, a motion was made to set aside said attachment, (1) for irregularity appearing upon the face of the proceeding; (2) for improvidence, in that the affidavit upon which it was based was untrue.

The Circuit Court held that, under the ground of improvident issuance, the Court could not consider the question presented in the affidavits of the moving party to the effect that the lien debt had been paid at the time of issuing the attachment, and this ruling is undoubtedly correct under the authority of the cases cited by the Court. *Baum* v. *Bell,* 28 S. C., 210, 5 S. E., 485; *Tisdale* v. *Kingman,* 34 S. C., 330, 13 S. E., 547.

The Court, however, under the case of *Sharp* v. *Palmer,* 31 S. C., 444, 10 S. E., 98, set aside the attachment for insufficiency in the affidavit upon which it was based, inasmuch as the affidavit merely alleged, with reference to the attempt to defeat the lien, "that the said D. J. Barfield is about to sell and dispose of the crops subject to such lien and defeat the same."

But the appellant at the time of the motion before Judge Purdy resisted the motion, among other things on the ground that the moving party had not complied with the requirement of Rule 57 of the Circuit Court, which provides that "when the motion is for irregularity the notice, or order, shall specify the irregularity complained of." Judge Purdy, over these objections, proceeded to consider the question of irregularity based upon the insufficiency of the affidavit under the view that the notice was sufficient under the case of

*Addison* v. *Sujette*, 50 S. C., 192, 28 S. E., 948. The appellant questions the ruling and we are bound to hold that the Circuit Court should have sustained the objection because of the failure to give the specification as required in Rule 57. This question was sought to be presented in *Lipscombe* v. *Rice*, 47 S. C., 14, 24 S. E., 925, but was not considered by the Court as arising and so was not decided. In the case of *Addison* v. *Sujette, supra,* the Court considered a motion for irregularity in which the grounds of irregularity were not specified, but in that case no objection had been raised to the consideration of the motion on that ground on Circuit, and the question now presented was not before the Court. The rule of Court is clear and explicit upon the point. It does not have the effect, nor was it intended, to limit the jurisdiction of the Court, but it was intended to regulate the practice, is clear, explicit and positive, and should be enforced when the party affected thereby in proper time and way invokes the protection of the rule. Being a matter of practice it may be waived if not invoked in proper time, but there was no waiver of the rule in this case, but, on the contrary, its protection was invoked in due time. This conclusion will render it unnecessary to consider the remaining exceptions.

The order of the Circuit Court setting aside the attachment is reversed for the reason stated.