14655

ROSS v. EDDINS

(196 S. E., 375)

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■

■■■■■■■■■■■■

*Mr. James E. Leppard,* for appellant, ■■■■■■

*Messrs. Knight & Arant,* for respondent, ■■■■

■■■■■■■■■■■■

April 4, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an appeal from an order of Hon. E. C. Dennis, Judge of the Fourth Circuit, vacating a writ of attachment against the real property described in the complaint in the action, on the ground that appellant did not have the legal title to the property.

The warrant of attachment was issud under the authority of Section 546 of the Code of 1932, on complaint of appellant, alleging:

That he was the equitable owner, although one, J. A. Welsh, was seized in fee of the legal estate, as the trustee of appellant, of a lot or parcel of land in the town of Chesterfield, county of Chesterfield, and State of South Carolina, and more particularly described in the complaint, that he had sold the premises to respondent, and, at his instance and direction, the said J. A. Welsh had conveyed the property to her; that, under the terms and conditions of the bargain and sale, the balance of the purchase price for the premises was past due and unpaid; and that he was entitled to have a warrant of attachment issued pursuant to the provisions of the Code of Laws of 1932 (Section 546) for the attachment of the real property of the respondent for which the purchase money is past due and payable, for security for the satisfaction of such judgment as he may recover in the action. The complaint then demanded judgment for the sum of $1,190.00, the amount alleged to be the balance due and unpaid of the purchase price, and interest; and for a warrant of attachment.

At the time of the issuance of the warrant of attachment, there was filed with the Clerk of Court for Chesterfield County an affidavit of appellant, setting forth, in the main, the facts detailed in his complaint.

We digress at this point to refer to four affidavits contained in the record, which were used in opposition to the motion to vacate the writ of attachment, objection to any consideration of these affidavits being based on the fact that they are improperly in the record for the reason that, through error, copies thereof were not served upon respondent, and respondent had no notice that they were being used by appellant in opposition to the motion of respondent to dismiss the attachment writ.

It clearly appears from the order vacating the attachment writ that no consideration was given these affidavits, and they will not be considered by this Court in passing upon the appeal.

The reason for vacating the attachment writ, as given in the order appealed from, was that appellant had failed to show that he had a "purchase money lien," but on the contary the records clearly showed that appellant never had legal title to the lands sought to be attached, and therefore could not have a "purchase money lien." The complaint and affidavit of appellant also clearly showed that he did not have the legal title to the property conveyed to respondent. It is patent that the trial Judge considered only the complaint and affidavit of appellant filed upon the issuance of the writ: and the answer of respondent, and the facts as shown by the records in the office of the Clerk of Court for Chesterfield County tracing and setting out in detail the source of respondent's title to the premises in question, as far back as January 1, 1921.

Respondent moved to dismiss the writ of attachment and levy thereon, upon the pleadings (the respondent having answered denying all material allegations of the complaint, and alleging that she had bought the premises for $1,000.00 from J. A. Welsh, all of which had been paid), and the chain of her title as disclosed by the records in the office of the Clerk of Court.

The following is the "Stipulation of Facts" concerning the records in the clerk's office:

"The property attached under this proceeding was conveyed on January 1st, 1921, to (by) C. B. Covington to G. W. Eddins, the deed being recorded on February 1st, 1921 in Deed Book 54, at page 245 in the proper office. On January 9, 1926 G. W. Eddins mortgaged the said tract to James Ross, which mortgage fell due one year after date; said mortgage being duly recorded on January 9, 1926 in Mortgage Book 67, at page 261 in the proper office. The aforesaid mortgage was foreclosed by proceeding begun December 22, 1930 by the issuing of summons and the decree dated March 17, 1931 ordered the mortgage foreclosed, the premises sold by the Master on salesday in April next, and that the Master make, execute and deliver a deed to the purchaser. The Master's report on sale dated March 17, 1932, shows J. A. Welsh the high bidder at $1,000.00. An order of the Judge of the 4th Judicial Circuit dated March 19, 1932 approved, confirmed and ratified said report on sale and the sale therein mentioned, both of which were declared absolute and binding forever.

"Under authority of said decree, J. E. Leppard, Master, on March 15, 1932, for a recited consideration of the sum of $1,000.00, conveyed said premises to the high bidder, to-wit: J. A. Welsh, which deed was duly recorded on March 18, 1932, in Deed Book 75, at page 73.

"On April 30th, 1932, for a recited consideration of $1,000.00, J. A. Welsh conveyed the aforesaid premises to Mary R. Eddins, the deed being recorded on May 2nd, 1932, in Deed Book 79, at page 200 in the proper office.

"On April 30th, 1932, the said Mary R. Eddins mortgaged to the Bank of Chesterfield the said premises to secure the sum of $704.86, which mortgage was duly recorded on May 2nd, 1932, in Mortgage Book 82, at page 369 in the office of Clerk of Court for Chesterfield County, S. C."

In *Metts v. Piedmont & A. Life Ins. Co.,* 17 S. C., 120, 122, it is stated: "There are but two recognized modes of assailing an attachment. One is by motion

on account of some irregularity appearing on the face of the proceedings, or because it has been improvidently issued, the allegations upon which it issued being false. The other is by giving bond to the sheriff to pay the debt, thereby releasing the property."

Respondent's notice of motion to vacate the writ of attachment and dismiss the levy made thereon did not definitely state the grounds, and we, therefore, conclude that respondent's contention was that the writ was improvidently issued. See *Lipscomb v. Rice,* 47 S. C., 14, 24 S. E., 925, wherein it is held that a notice of motion to vacate a warrant of attachment, because improvidently issued, need not specify the grounds upon which the motion will be made. But such grounds must be set forth when the motion is to vacate for irregularity.

The Circuit Judge unequivocally based his order on the undisputed fact that appellant never had *legal title* to the lands sought to be attached, the pertinent portion of the said order being as follows: " * * * and it appearing to the Court that the plaintiff has failed to show that he had a purchase money lien, *but on the contrary* the records clearly show that plaintiff never had *legal title* to said lands sought to be attached, *and therefore could not have a purchase money lien,* * * *."* (Italics added.)

If the Judge had found as a fact that the allegations, upon which the attachment issued, were false, then the appeal would have to be dismissed unless his conclusion is wholly unsupported by evidence, or controlled by error of law. *Moore v. McElrath et al.,* 128 S. C., 392, 122 S. E., 874, 875.

The respondent not having given notice of any sustaining grounds, the cardinal question this Court is called upon to decide is: Does the owner of the equitable title to a tract of land have such right as can be enforced by attachment for the purchase money under Section 546 of the Code of 1932? The pertinent portions of said section are as follows: "In an action arising for the recovery of the purchase money, which

is past due, for any real or personal property, it shall be lawful for the plaintiff, at the time of the issuing of the summons, or any time afterwards, to cause the property of such defendant for which the purchase money is payable to be attached in the manner hereinafter prescribed as a security for the satisfaction of such judgment as the plaintiff may recover, and for the purposes of this section an action shall be deemed commenced when the summons is issued. * * * The warrant of attachment may be issued whenever it shall appear by affidavit that a cause of action exists against such defendant, specifying the amount of the claims and the grounds thereof, that the same is due, and that the action is brought for the purchase money of real estate or personal property which has been sold to the defendant, and which he has refused or failed to pay."

We will first refer to a collateral issue raised by respondent, that the statute does not create a lien for purchase money, but is a remedial statute.

This position appears to be correct to the extent that no lien is created by the statute until judgment is obtained, execution issued, and levy made. *State v. McCary*, 120 S. C., 361, 113 S. E., 275; *Maxwell et al., v. Greene*, 171 S. C., 253, 172 S. E., 146.

The statute authorizes the plaintiff, in an action arising for the recovery of the purchase money, which is past due, to cause the property, for which the purchase money is payable, to be attached. It does not limit such right to the nominal grantor or vendor, but was evidently intended to protect the one who was the actual owner of the property, and/or to whom the purchase money is due.

It must be kept in mind that the Circuit Judge did not make any finding of fact, but granting that the appellant was the owner of the equitable title, and that respondent made the agreement with him, both as to the amount and the manner and time of payment of the purchase price of the lot of land, held that appellant could not invoke the aid of this statute for the reason that he did not own the legal title.

We cannot subscribe to this theory of the intendment of the statute. We hold that it was intended to aid and facilitate any one to whom is due the purchase money for the real estate involved, in the collection of the purchase money due and unpaid; the requisites being that the money sought to be recovered is purchase money, and that it is due to the party seeking the writ of attachment— that such party had such ownership therein as permitted him to extend credit for the payment of the purchase money, or any balance thereof. In this connection, see *Beal v. Harrington,* 116 Ill., 113, 4 N. E., 664. It is immaterial whether the action for the recovery of the purchase money be legal or equitable. See *Carolina Agency Co. v. Garlington,* 85 S. C., 114, 67 S. E., 225.

The question if parol testimony is admissible to vary or contradict the written instrument under which respondent has possession of the premises attached is not at this time properly before the Court, and, although argued by respondent, will not be passed upon.

The Circuit Judge committed error of law in vacating the warrant of attachment for the reason assigned by him, and the order appealed from is, therefore, reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.