SENECA GRAPE JUICE CORPORA-
TION, Plaintiff,

v.

PALMETTO GRAPE MARKETING AS-
SOCIATION and Columbia Bank for
Cooperatives, Defendants.

No. CA/4403.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Nov. 5, 1964.

C. W. Knowlton, Columbia, S. C., Kerr, Smith & Barnes, Spartanburg, S. C., for plaintiff.

Horace L. Bomar, Spartanburg, S. C., Frank P. McGowan, Columbia, S. C., for defendant Columbia Bank for Cooperatives.

Robert L. Stoddard, Spartanburg, S. C., for defendant Palmetto Grape Marketing Assn.

WYCHE, District Judge.

The above case is before me upon the motion of the defendant Columbia Bank for Cooperatives to dismiss this action against the Bank upon the ground that the complaint does not state a claim against said defendant upon which relief can be granted; for judgment on the pleadings on the ground that under the law of the State of South Carolina plaintiff has no "purchase money lien" as a result of the facts alleged in the complaint, and upon the ground that plaintiff has alleged no facts entitling plaintiff to any relief as against the Bank.

The complaint in this case alleges that the defendant Palmetto Grape Marketing

Association is indebted to plaintiff Seneca Grape Juice Corporation in the sum of $92,031.35, and that $82,068.74 of said sum represents the sale price of certain items of equipment and machinery delivered to and installed upon the property of Palmetto at its processing plant in the County of Spartanburg, South Carolina, for which Palmetto is obligated to pay and has failed and refused to pay, and that plaintiff by operation of law is entitled to a purchase money lien over said equipment and for said lien to be foreclosed by this Court; that the defendant Columbia Bank for Cooperatives holds three mortgages, one given by Palmetto in 1960, another in 1961, and a third dated May 28, 1963, and that the Bank is joined as a defendant in order that the priority of its mortgage liens in relationship to plaintiff's purchase money lien may be ascertained by the Court, and the prayer for relief asks that plaintiff be adjudged to have a purchase money lien, that the priority of plaintiff's purchase money lien be ascertained in relationship to the aforesaid mortgages held by the defendant Bank, and that the Court order foreclosure of said purchase money lien.

The defendant Palmetto Grape Marketing Association has admitted that it may owe Seneca Grape Juice Corporation some money, but it denies the correctness of plaintiff's claims and demands an accounting.

The Columbia Bank's answer alleges facts concerning the three mortgages executed by Palmetto and the prayer for relief asks that the mortgages be declared first, second and third liens on the property described therein.

■ The doctrine that the vendor has an equitable lien on land sold has never prevailed in the State of South Carolina. McCorkle v. Montgomery, 11 Rich. Eq. 114 (1859).

■ A vendor of land or chattels in this State has no lien for the unpaid purchase price unless he takes a purchase money mortgage, or attaches under the purchase money attachment statutes. Sections 10–951, 10–952, 10–953, 10–954, 10–955, 10–956, Code of Laws of South Carolina, 1962.

■ Where the attachment statutes are followed, the vendor must file the necessary affidavit and bond, and, as provided in Section 10–954, "The attachment shall be a lien subject to all prior liens and bind the real estate attached from the date of lodgment. It shall be a lien upon the personal property attached from the date of the levy thereon."

■ In South Carolina a vendor of personal property has no lien for the unpaid purchase price unless he takes a purchase money mortgage, or complies with the South Carolina attachment law pertaining to purchase money liens and until judgment, execution and levy have been made on the personal property. State v. McCary, 120 S.C. 361, 113 S.E. 275; Maxwell v. Greene, 171 S.C. 253, 172 S.E. 146; Ross v. Eddins, 187 S. C. 29, 196 S.E. 375.

It appears from the pleadings in this case that there is no purchase money mortgage, and that there has been no attachment of the personal property, no lien obtained and no judgment, execution and levy made under the purchase money attachment statutes.

■ Under the facts alleged in the complaint and the South Carolina law, there can be no purchase money lien in this case and the motion of the defendant Columbia Bank for Cooperatives to dismiss this action as to it is hereby granted, and judgment directed to be entered accordingly, and

It is so ordered.