20449

BANK REPOSSESSIONS, Respondent, v. MOBILE AMERICA CORPORATION, Appellant.

MGIC INDEMNITY CORPORATION, Respondent, v. THE COUNTY OF LEXINGTON and Esquire Mobile Homes, Inc., Third-Party Respondents.

(235 S. E. (2d) 709)

*Messrs. Grimball, Merry & Draffin,* of Columbia, *for Appellant,*

*Messrs. McKay, Sherrill, Walker & Townsend,* of Columbia, *for Bank Repossessions, Respondent,*

June 8, 1977.

NESS, Justice:

The appellant, Mobile America Corporation was the owner of nine mobile homes which were attached on May 19, 1975 by the Sheriff of Lexington County under a writ of attachment. The mobile homes were stored at a commercial mobile home dealership lot operated by Esquire Mobile Homes, Inc. because Lexington County does not have county owned facilities for storage of attached automobiles, trucks and mobile homes.

The record reveals that Esquire Mobile Homes accepted attached property from the Sheriff with the understanding that the charges for storage, care and insurance would be at the rate of $3.50 per unit per day.

Within aproximately three days after attachment, representatives or agents of Mobile America Corporation were notified of the attachment and of the storage charges.

On September 26, 1975, the respondent, Bank Repossessions, moved for a sale of the nine mobile homes pursuant to Section 10-928, South Carolina Code of Laws (1962) due to the continuing accrual of storage expense on the mobile home units. Prior to such motion no effort was made by Mobile America Corporation to move the mobile homes, satisfy the claim of the respondent, request the Sheriff to make other storage arrangements, or protest the storage rate charged by Esquire.

On November 28, 1975, Mobile America filed the required surety bond.

The sole issue involved is the reasonability and necessity of storage charges of these mobile homes attendant to an attachment.

The storage charges totaled $6,457.50. The special referee and the circuit court concluded that the sum was reasonable and necessary. We agree.

The first two exceptions call for the interpretation of Section 27-414(e) of the S. C. Code of Laws (1962) which provides in part:

"The fees of the Sheriff of Lexington County shall be as prescribed in this Section, except that if the fee for any service is not herein prescribed, such fee shall be as is prescribed in the general law. * * * (c) for claim and delivery, attachments, writs of assistance, distress warrants, sale of property and other pleadings and orders of seizure, the fee shall be twenty-five dollars. * * * (e) All additional expenses incurred as a necessary part of the service set forth in paragraphs (a) (b) (c) and (d) above including, but not limited to, towing fees, wrecker service, *storage fees* and fees for publication shall be charged at actual costs in addition to the fees set forth above."

(Emphasis added.)

Appellant first asserts error in that the charges for storage greatly exceed the actual overhead attendant to this storage. It is uncontradicted that the storage was necessary and that Lexington County does not have any facilities to store mobile homes. Additionally, since Lexington County has no interest in the fee being charged, it is apparent that the actual costs to Lexington County is the amount involved in this appeal.

"As it is the duty of an officer, under a writ of attachment, to take and retain possession of the property levied on at his peril, he is entitled to reimbursement of actually necessary and reasonable expenses incurred by him in the performance of this duty."

7 C. J. S. Attachment § 293.

It is undisputed that the Sheriff's Office made several calls in an attempt to find a suitable storage place; in fact, the price agreed upon was bargained.

Attachment is purely a statutory remedy. *Brewer v. Graydon,* 233 S. C. 124, 103 S. E. (2d) 767 (1958). Although attachment proceedings are generally re-

garded as at law, there is South Carolina authority which authorizes attachments in suits in equity. See 7 C. J. S. Attachment §§ 2(4) and 8b; *Ross v. Eddins,* 187 S. C. 29, 196 S. E. 375 (1938); *Carolina Agency Co. v. Garlington,* 85 S. C. 114, 67 S. E. 225 (1910). In any event, under the second or fourth scope of review principle announced in *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976), the factual findings are binding on this Court as there is ample evidence to support them and they could not be considered against the clear preponderance or greater weight of the evidence. We think the storage charges were necessary, charged at actual costs to the county, and well within the proscriptions of Section 27-414(e).

Appellant's due process argument is patently without merit. It does not contest that it had full notice of the charges being assessed and that it had a full hearing on the reasonableness of these charges. There has been no deprivation of due process. See 16A C. J. S. Constitutional Law § 613; *Harrison v. Morris,* 370 F. Supp. 142 (D. S. C. 1974).

Appellant next contends that the Sheriff violated his duty to make reasonable efforts to lessen storage costs. There is no authority cited, and we have found none, which would place this burden on the Sheriff attendant to attachment proceedings. In any event, the finding binding on this Court that the charges were reasonable necessarily dictates that no such burden could be placed on the Sheriff.

Appellant next argues the trial court committed error in finding that appellant had the power at all times to stop the running of storage costs by posting a redelivery bond. The ultimate costs for the care of property falls upon the unsuccessful party in the attachment proceeding. 7 C. J. S. Attachment § 293. Pursuant to Section 10-928, South Carolina Code of Laws (1962), the respondent could not force a sale of the property until sixty days

after the attachment. It was only after 137 days subsequent to the attachment, when the motion for sale was heard, that the appellant first raised any question about the reasonableness of the storage charges or sought to post any redelivery bond. The lack of merit in this argument is evidenced by the fact that appellant did stop the storage costs by posting a bond.

The final exception is also without merit.

We hold that while the Sheriff has a duty to obtain storage at a reasonable cost, nevertheless the owner has a duty to protect his property. Under the facts here we cannot say the trial court was in error.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.