22334

Ex parte James C. MAYNARD, Appellant, v. Henry PHIFER, William I. Sutton and B. Bayles Mack, Respondents. In re James L. MAYNARD, Plaintiff, v. Henry PHIFER, Defendant.

(332 S. E. (2d) 99)

Supreme Court

*Charles W. Blackwell,* of *McMehan, Hancock & Blackwell,* and *Thomas A. McKinney,* of *McKinney & Givens,* Rock Hill, *for appellant.*

*W. Clarkson McDow, Jr.,* of *Roddey, Carpenter & White,* Rock Hill, *for respondents.*

Heard April 22, 1985.

Decided May 28, 1985.

NESS, Justice:

Appellant Maynard sought to have a judgment against

respondent Phifer satisfied out of escrowed funds belonging to Phifer. The trial court held Maynard's claim was subordinate to an attachment lien held by respondent Sutton. We disagree and reverse.

Sutton attached certain real property owned by Phifer. Sutton and Phifer entered into an agreement whereby the attachment was dissolved so the property could be sold. The agreement further provided the funds from the sale would be escrowed.

After the property was sold and the funds escrowed, the parties realized that the property sold was not the same property which had been attached. The parties submitted a consent order which reinstated the attachment lien and released a portion of the escrowed funds to Phifer.

Shortly thereafter, in an unrelated matter Phifer confessed judgment to Maynard and gave his consent for Maynard to satisfy the judgment out of the escrowed funds. The escrow agent refused to release the funds. This action followed.

Attachment is a purely statutory remedy. S. C. Code Ann. § 15-19-10 *et seq.* (1976); *Bank Repossessions v. Mobile America Corp.*, 268 S. C. 622, 235 S. E. (2d) 709 (1977). The statutory provisions must be strictly construed. *Brewer v. Graydon*, 233 S. C. 124, 103 S. E. (2d) 767 (1958). An attachment lien arises only when the statutory procedure has been strictly followed.

The property sold was never subject to Sutton's attachment lien. Any claim Sutton may have against the escrowed funds would not have priority over Maynard's judgment lien. We hold the trial court erred in subordinating Maynard's lien.

Reversed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.