15275

MATTISON v. PALMETTO STATE LIFE INSURANCE COMPANY

(15 S. E. (2d), 117)

260

*Messrs. Tobias & Turner* of Columbia, and *Mr. Leon W. Harris* of Anderson, for appellant,

*Mr. E. B. Castles* and *Mr. Leon L. Rice,* for respondent,

June 5, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

There will be reported herewith the complaint and demurrer appearing in the Transcript of Record, and which have reference to Policy No. 20844. There is a second policy involved, bearing the No. 20837. The complaint and demurrer on this policy are identical with the first mentioned, and by agreement the ruling of this Court on the one will govern both cases.

The Circuit Judge overruled Grounds 1 and 3 of the demurrer, and sustained Ground 2 to the extent that plaintiff-respondent could not "unite in one suit her claim as a beneficiary under the policy of insurance * * * with her claims as administratrix in the first and second causes of action"; and granted to plaintiff-respondent leave to amend her complaint by omitting and striking out any and all demands of individual claim. He also ordered that the cases proceed to judgment under Section 792 of the Code upon the complaint of plaintiff-respondent as administratrix.

The defendant-appellant has duly appealed to this Court from the order on the demurrer upon seven exceptions which it states in printed brief raises the following questions:

"1. Are the two causes of action inconsistent?

"2. Did the two causes of action grow out of the same transaction?

"3. Did both causes of action belong to the same class under Section 487 of the Code?

"4. Did the second cause of action survive?

"5. Could the Court order a consolidation of the causes of action when that question was not then before the Court?"

Respondent neither states the "Questions Involved," nor takes issue with appellant's statement thereof.

If appellant's Question 4 is answered in the negative, it will be unnecessary to pass upon Questions 1, 2 and 3.

Under the common law there was no survival of actions in tort. Section 419 of the Code of 1932 reads as follows: "Survival of Right of Action.—Causes

of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary notwithstanding."

It is readily seen that under the above-quoted section, there are but two instances wherein a cause of action survives: (1) For and in respect to any and all injuries and trespasses to and upon real estate, and (2) any and all *injuries to the person* or to personal property. And it is just as readily seen that respondent's second cause of action does not come within either of the instances where a cause of action survives. As was stated in *Claussen v. Brothers,* 148 S. C., 1, 4, 145 S. E., 539, 540, 61 A. L. R., 826, in discussing the statute now under consideration (then Section 375, Volume 1, Code of 1922) : "While the act is remedial, and a liberal construction should be given to its provisions (*Morris v.* [*Spartanburg Ry., Gas &*] *Electric Co.,* 70 S. C. [279], 281, 49 S. E. [854], 855), we must resort, in arriving at the intent of the Legislature, to the actual words used in the statute, and the court should not place such judicial construction upon the language used as to effectuate its own conception of right rather than the intent of the Legislature."

The order appealed from did not order a consolidation of the cases for trial. It is merely suggested therein "that either party may move to consolidate the cases for trial."

Reversed and remanded, with leave to respondent to again amend her complaint so as to set out her first cause of action within twenty days from the filing of the remittitur herein; and with leave to appellant to serve an .answer thereto within twenty days after service of such amended complaint upon it, or its counsel.

Mr. Chief Justice Bonham and Messrs. Justices Fishburne and Stukes concur.