17434

Betty Turner BREWER, Appellant, v. Mrs. N. Simpson GRAYDON, Respondent

(103 S. E. (2d) 767)

*Herman E. Cox,* Esq., of Greenville, *for Appellant,*

*Messrs. Price & Poag,* of Greenville, *for Respondent,*

June 2, 1958.

TAYLOR, Justice.

Appellant, a citizen and resident of Greenville County, South Carolina, brought her action in the Court of Common Pleas for said County alleging that the respondent, a former resident of Greenville County, South Carolina, now a resident of the State of Florida, induced appellant's husband to accompany her to Florida, thereby alienating his affection for appellant. Further, that respondent induced appellant's husband to remain in Florida with her after appellant's husband had manifested his intention and desire to return to Greenville County, South Carolina, as appellant's husband.

For a second cause of action, appellant alleges numerous acts of adultery between her husband and respondent for which she seeks actual and punitive damages.

Respondent is the owner of certain real estate in Greenville County, South Carolina, which appellant attached under Section 10-901, Code of Laws of South Carolina 1952, the pertinent parts of which are:

"In any action * * * (3) For the recovery of damages for injury done to either person or property * * * (5) Against a defendant who is not a resident of this State * * *"

In due time, respondent appeared specially and moved before the Honorable E. H. Henderson, presiding Judge, to dissolve the attachment, contending primarily that said Section of the Code limits attachment in tort cases to instances of bodily injuries and does not encompass alienation of affection or criminal conversation.

Appellant's complaint also asks for injunctive relief, but this question is not before this Court.

The motion to vacate was granted by the presiding Judge upon the ground that property of a nonresident defendant is not subject to attachment in actions "such as we have here" in that, "They are not actions for either property damage or bodily injuries."

"* * * Attachments are statutory proceedings, and they are intended to summarily dispossess a party of his property, and to hold it subject to the result of an action in progress, and being in direct conflict with that dominion and right which every one has at common law over his own, and which government is constructed to protect, statutes authorizing such proceedings have always been strictly construed, and all of their requirements absolutely demanded to be present." *Wando Phosphate Co. v. Rosenberg,* 31 S. C. 301, 9 S. E. 969, 970.

Attachment is an extraordinary remedy and exists only by reason of statute providing same, and the Courts have held almost without exception that the provisions of such statutes must be strictly construed, *Glenn v. One 1946 Tudor Ford, South Carolina License No. D-154-050,* 222 S. C. 13, 71 S. E. (2d) 507.

The first act upon the subject was passed in 1744 and embraced only cases arising upon contract. The act of 1783 extends it to torts but only to torts, trespasses, or injuries "actually done to property, real or personal." In 1879, after

adoption of the Code, the act was further amended to read as follows:

"In any action for the recovery of money or the recovery of property, whether real or personal, and for damages for the wrongful conversion and detention of personal property, or an action for the recovery of damages for injury done to either person or property, * * *."

Prior to the adoption of the 1879 amendment, this Court held in *Sargeant v. Helmbold,* Harp. 219, that an attachment would not lie in an action for slander. Subsequent to the 1879 amendment, this Court decided the case of *Addison v. Sujette,* 50 S. C. 192, 27 S. E. 631, 636, in 1897, in which notice is taken of *Sargeant v. Helmbold, supra,* and the provisions of the 1879 Act; this Court stated therein:

"* * * The first inference which we draw from the language used in this section is the natural, if not necessary, one,—that the legislature did not intend that the remedy by attachment could be resorted to in any action brought for any purpose against any one of the persons designated in the subsequent portions of the section; for, if such had been the intention, it would have been very easy, and much more simple, to say so in plain words. The very fact, therefore, that the legislature has chosen to specify actions brought for certain purposes as those in which the remedy by attachment could be resorted to affords an irresistible inference that there were actions for other purposes in which it was not intended that the remedy by attachment should be allowed. The language used is: 'In any action for the recovery of money or for the recovery of property, whether real or personal, and for damages for the wrongful conversion and detention of personal property, or an action for the recovery of damages for injury done to either person or property,' etc. Now, while, in one sense, an action for slander, or, as for that matter, any other action on the law side of the court, might be regarded as an 'action for the recovery of money;' yet it is very manifest that the legislature did not use those terms in that sense; for in the very same sen-

tence the legislature proceeds to specify actions 'for the recovery of damages for injury done to either person or property,' which of course, are just as much actions for the recovery of money as an action for slander. When, therefore, we find that under the well-settled law, prior to the Code, an attachment could not be issued in an action for slander, which it must be assumed was well known to the legislature, and when we further find that the terms used in the Code do not necessarily include an action for slander, and can only be made to do so by a strained construction, the irresistible inference is that the legislature did not intend to change the previously existing law by including the action for slander among those in which the remedy by attachment might be resorted to. * * *"

Appellant calls our attention to the wording of the Survival Act, Section 10-209, Code of Laws of South Carolina 1952. It must be remembered, however, that while the Survival Statute must be liberally construed, the Attachment Statutes are strictly construed. It is interesting to note that with a liberal construction this Court has held that actions for malicious prosecution, slander, and fraud and deceit do not survive; malicious prosecution, *Brown v. Bailey,* 215 S. C. 175, 54 S. E. (2d) 769; slander, *Carver v. Morrow,* 213 S. C. 199, 48 S. E. (2d) 814; and fraud and deceit, *Mattison v. Palmetto State Life Insurance Company,* 197 S. C. 256, 15 S. E. (2d) 117.

In 1932, the General Assembly, cognizant of the prior decisions of this Court heretofore referred to, adopted what is now Section 10-902, Code of Laws of South Carolina 1952, permitting attachment in libel and slander actions, thereby broadening the field in which attachments lie. Had it intended like treatment in actions for alienation of affections or criminal conversion, it would have been a simple matter to so provide, which it did not see fit to do.

There are decisions in other jurisdictions contrary to this view, but unless *Addison v. Sujette, supra,* is to be over-

ruled, which we are not prepared to do, the Order appealed from must be affirmed; and It Is So Ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.