## 19535

PAMPLICO BANK AND TRUST COMPANY, Respondent, v. Lennie W. PROSSER, Executrix of the Estate of Richard Prosser, Appellant.

(193 S. E. (2d) 539)

*Messrs. Arrowsmith & Jackson,* of Florence, *for Appellant,*

622

*Thomas E. Smith, Jr., Esq.,* of Pamplico, *for Respondent,*

December 12, 1972.

BUSSEY, Justice:

This is an appeal from an order of summary judgment granted in action for indebtedness due on a promissory note, plus interest, attorney's fees and costs. The complaint alleged that on August 21, 1968, Richard Prosser executed a promissory note to the order of the respondent bank for $10,000.00. It is further alleged that the said Prosser died on August 27, 1968, and that there was due and owing on said note the sum of $5,000.00, plus interest, attorney's fees and costs, as provided in said note. The appellant, Executrix of the estate of the said Prosser, by answer alledged that when said note was executed the bank required Prosser to purchase and pay for two policies of credit life insurance from it or its agents, each in the amount of $5,-000.00. That one of the insurers, Investors National Life Insurance Company, had previously instructed the bank not to write any more insurance on Prosser because of his health, but the bank, in violation of such instruction, had issued such policy and falsely and fraudulently represented to the said Prosser that said insurance company would pay off $5,000.00 of the indebtedness in the event of Prosser's death before payment of the loan. It appears that another $5,-000.00 policy was promptly paid, but the answer further alleged that the reason the remaining $5,000.00 was not promptly paid following the death of Prosser was because Investors National Life Insurance Company refused to honor the claim against it. It further appears from the answer that the appellant filed suit against Investors on or about April 16, 1969, and on or about the 19th of the following month Investors paid the claim in the amount of $5,000.00. Appellant's answer conceded liability to the bank for the sum of $5,000.00, but asserted that because of the fraudulent misrepresentation and misconduct of the bank it was not entitled to interest, attorney's fees or costs.

On August 24, 1971, the same date as the complaint in this action, appellant commenced an action in the Court of Common Pleas for Florence County against the bank and others for fraud and deceit, based on the identical facts asserted in appellant's answer as a defense in this action. In her action in the Court of Common Pleas, appellant sought actual and punitive damages in the amount of $25,000.00, but the only actual damages alleged were the attorney's fees and court costs incurred by her in the action brought against Investors National Life Insurance Company and the attorney's fees and court costs incurred in defense of this action.

The motion for summary judgment asserted that there was no genuine issue as to any material fact in that "(1) the matters set forth in the answer of the defendant do not constitute a defense to the matters set forth in the complaint, and (2) in that the matters set forth in the said answer are the basis for a separate suit between the parties which suit has been filed and is awaiting trial in the Court of Common Pleas for Florence County."

His Honor, Judge McGowan, did not pass upon the first asserted ground. The order granting summary judgment is predicated upon the conclusion that the pendency in the Court of Common Pleas of the fraud and deceit action, based upon the same facts alleged by way of defense in this action, constituted an election by respondent which precluded her from asserting the same factual matter as a defense in the present action. His Honor cited no authority for his conclusion or holding in this respect; the brief on behalf of the respondent bank cites no authority therefor, and research on our part has so far disclosed no such authority.

Under prior decisions of this Court, *Ebner v. Haverty*, 138 S. C. 74, 136 S. E. 19; *Jones v. S. C. Power Co.*, 198 S. C. 380, 18 S. E. (2d) 336; *McMahan v. McMahan*, 122 S. C. 336, 115 S. E. 293; *Lancaster v. Smithco, Inc.*, 241 S. C. 451, 128 S. E. (2d) 915; and *White v. Livingston*, 234 S. C. 74, 106 S. E. (2d) 892, in which guiding principles of law appertaining to the doctrine of election of rem-

edies are fully set forth, we are satisfied that His Honor was mistaken in his conclusion. There is no inconsistency in the identical facts alleged and there has been no final adjudication of the action for fraud and deceit in the Court of Common Pleas on its merits, and it seems reasonably certain that there will never be any such adjudication. On the basis of *Mattison v. Palmetto State Life Ins. Co.,* 197 S. C. 256, 15 S. E. (2d) 117, and *Cline v. Sou. Ry.,* 113 S. C. 440, 102 S. E. 641, it was conceded before the trial judge, and here, that the action for fraud and deceit pending in the Court of Common Pleas did not survive and, hence cannot proceed to adjudication on the merits. Under well settled principles, appellant's attempt to mistakenly pursue such a remedy could not possibly act as a bar to her asserting the same identical facts in the defense of the instant action.

Counsel for both parties argue at length the first ground of the motion for summary judgment, not passed upon by the lower court. Such not having been passed upon below, we shall refrain from any detailed discussion. Should such, however, be further pursued below, we call attention to the recent decision of this Court in *Thevenot v. Commercial Travelers Mut. Acc. Ass'n of America,* 191 S. E. (2d) 251 (S. C.), from which we quote as follows:

"As with a motion for directed verdict, all inferences from materials before the trial court must be drawn against the movant, and in favor of the party opposing the motion. See *United States v. Diebold, Inc.,* 369 U. S. 654, 82 S. Ct. 993 8 L. Ed. (2d) 176 (1962), interpreting Rule 56 of the Federal Rules of Civil Procedure, the model for our Rule 44. Summary judgment 'should be granted only where it is clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law . . . And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.' *Stevens v. Howard D. Johnson Co.,* 181 F. (2d) 390, 394 (4th Cir. 1950)."

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.