564 S.E.2d 94

**Patricia FERGUSON, individually and on behalf of the Estate of Howard Ferguson and on behalf of all others similarly situated, Petitioner,**

**v.**

**CHARLESTON LINCOLN MERCURY, INC., Respondent.**

No. 25470.

Supreme Court of South Carolina.

Heard March 19, 2002.

Decided May 20, 2002.

560

Justin Lucey, John G. Brown, II, both of Justin O'Toole Lucey, P.A., and M. Lee Robertson, Jr., of Robertson Law Firm, all of Mount Pleasant for petitioner.

Henry E. Grimball, of Buist, Moore, Smythe & McGree, of Charleston, for respondent.

Chief Justice TOAL.

This appeal is from a trial court's Order granting summary judgment in favor of Charleston Lincoln Mercury (CLM). The trial court found that Patricia Ferguson could not recover under the South Carolina Regulation of Manufacturers, Distributors, and Dealers Act, S.C.Code Ann. §§ 56–15–10 to 56–15–130 (1991 & Supp.2001) (the Dealers Act), for allegedly fraudulent acts committed by CLM against her deceased husband, Howard Ferguson. The Court of Appeals affirmed on an additional sustaining ground. We affirm as modified.

## FACTUAL/PROCEDURAL BACKGROUND

Howard Ferguson entered into an agreement with CLM to purchase a used car. The Buyers Order listed the purchase price of the automobile as $8,873.19. A $700 trade-in allowance was deducted, as was Mr. Ferguson's $200 down payment. The costs of taxes, title and tags were added, as was a $189.50 "closing fee." The total price of the automobile was listed as $8,491.69.

The security agreement that CLM sent to Eagle Finance Company (Eagle) contained errors. The agreement stated an incorrect cash price and did not list the closing fee. However, the amount to be financed was $8,491.69, the same amount listed as the total price on the Buyers Order. After failing to receive a payment coupon book, Mr. Ferguson contacted Eagle and was told that because of the errors on the security agreement, he would have to execute new documents to complete the transaction. Apparently after discovering the closing fee, Mr. Ferguson refused to sign the new documents. The car was eventually repossessed because Mr. Ferguson failed to make any scheduled payments.

In 1997, Mr. Ferguson filed suit under the Dealers Act. *See* S.C.Code Ann. § 56–15–10 (1991 & Supp.2001). Mr. Ferguson alleged that assessing the closing fee and failing to disclose it were unfair acts. Mr. Ferguson also filed for class certification. Mr. Ferguson subsequently died, and his wife, Mrs. Ferguson, was substituted by consent order as the named plaintiff.[1] CLM moved for summary judgment, claiming that

---

1. In the consent order, CLM specified that it was not waiving any defenses it could have asserted against Mr. Ferguson, including the defense that the cause of action did not survive Mr. Ferguson's death.

charging the closing fee was not unfair or deceptive as a matter of law. CLM also alleged that the cause of action did not survive Mr. Ferguson's death under the general survivability statute, S.C.Code Ann. § 15–5–90 (1976), because it was based on fraud and deceit.

The trial judge ruled that charging the closing fee was not an unfair or deceptive practice and granted CLM's motion for summary judgment. The trial judge denied the class certification as moot. The trial judge did not rule on whether Mr. Ferguson's cause of action survived his death.

The Court of Appeals affirmed the trial judge's ruling based on an additional sustaining ground. The Court of Appeals found that the cause of action did not survive the death of Mr. Ferguson pursuant to S.C.Code Ann. § 15–5–90 because it was based on a theory of fraud and deceit. The Court of Appeals also found that the Dealers Act did not contain a survivability provision. The Court of Appeals further determined that Mr. Ferguson's death rendered the motion to certify the class moot. The Court of Appeals did not address the actual finding by the trial judge that charging a closing fee was not unfair or deceptive under the Dealers Act as a matter of law. *Ferguson v. Charleston Lincoln/Mercury, Inc.*, 344 S.C. 502, 544 S.E.2d 285 (Ct.App.2001). Mrs. Ferguson was granted certiorari and the issues before this Court are:

I. Did the Court of Appeals err in holding § 15–5–90 does not apply to fraud and deceit actions brought under the Dealers Act?

II. Did the Court of Appeals err in holding the issue of class certification was moot?

## LAW/ANALYSIS

■ In reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Osborne v. Adams*, 346 S.C. 4, 550 S.E.2d 319 (2001).

■ In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom

must be viewed in the light most favorable to the non-moving party. *Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997). On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below. *Williams v. Chesterfield Lumber Co.,* 267 S.C. 607, 230 S.E.2d 447 (1976).

### I. Survivability of Fraud and Deceit Causes of Action under the Dealers Act

 Mrs. Ferguson argues that Mr. Ferguson's cause of action survived his death under the general survivability statute, S.C.Code Ann. § 15–5–90 (1976). We disagree.

A. The general survivability statute applies to the Dealers Act.

 The general survivability statute has a wide ambit that includes all causes of action not covered by specific exceptions. "Causes of action for and in respect to . . . any and all injuries to the person or to personal property shall survive both to and against the personal or real representative . . . of a deceased person . . . any law or rule to the contrary notwithstanding." S.C.Code Ann. § 15–5–90 (1976). When the statute's terms are clear and unambiguous, there is no room for an alternate construction, and courts must apply them according to their literal meaning. *Tilley v. Pacesetter Corp.,* 333 S.C. 33, 508 S.E.2d 16 (1998). Generally, any cause of action which could have been brought by the deceased in his lifetime survives to his representative. *Layne v. International Bhd. of Elec. Workers,* 271 S.C. 346, 247 S.E.2d 346 (1978).

The language of the survivability statute is clear and unambiguous. Causes of action for injuries to a person survive the death of the person. The section contains no language that suggests causes of action brought under the Dealers Act would not survive the death of a person to whom the action has accrued.

Despite the clear language of the statute, this Court has created certain exceptions to the survivability statute. *See, e.g., Estate of Covington v. AT & T Nassau Metals Corp.,* 304

S.C. 436, 405 S.E.2d 393 (1991) (workers compensation claims); *Brown v. Bailey,* 215 S.C. 175, 54 S.E.2d 769 (1949) (actions for malicious prosecution); *Carver v. Morrow,* 213 S.C. 199, 48 S.E.2d 814 (1948) (actions for slander); *Mattison v. Palmetto State Life Ins. Co.,* 197 S.C. 256, 15 S.E.2d 117 (1941) (actions for fraud and deceit); *Chewning v. Clarendon County,* 168 S.C. 351, 167 S.E. 555 (1933) (actions against a county for pain and suffering accruing to a decedent as a result of injury caused by a defect in a highway). However, none of these cases suggest that a blanket exception exists for causes of action arising under the Dealers Act.

B. Mr. Ferguson's cause of action did not survive his death under the fraud and deceit exception to the general survivability statute.

At common law, a personal action *ex delicto* did not survive the death of either party. *Bennett v. Spartanburg Ry., Gas & Elec. Co.,* 97 S.C. 27, 81 S.E. 189 (1914). In 1905, the common law prohibition was partially abrogated by statute to include "any and all injuries to the person or to personal property." S.C.Code of 1912 § 3963 (Civ.Code); *see also* Robert L. Wynn, III, Note, *Death of the Head of the Family—Elements of Damages under South Carolina's Lord Campbell's Act,* 19 S.C.L.R. 220, 221 (1967).

■ The survivability statute has survived with little change. As noted above, the statute's language is broad and ostensibly appears to include almost every conceivable cause of action. Causes of action relating to "any and all injuries to the person or to personal property" survive to the personal representative of the deceased. S.C.Code Ann. § 15–5–90 (1996). Despite this broad language, South Carolina case law has continued to recognize a common law exception regarding causes of action for fraud or deceit. *See Mattison v. Palmetto State Life Ins. Co.,* 197 S.C. 256, 15 S.E.2d 117 (1941) (a cause of action for fraud did not survive the death of a person who was allegedly defrauded by an apparent cancellation of an insurance policy).

Although Mr. Ferguson's cause of action arose directly under the Dealers Act, his action was based upon a theory of fraud and deceit. Under the Dealers Act, fraud is defined in accordance with its normal legal connotation as including: a

misrepresentation in any manner, whether intentionally false or due to gross negligence, of a material fact; a promise or representation not made honestly and in good faith; and an intentional failure to disclose a material fact. S.C.Code Ann. § 56–15–10(m) (1991).

The essence of Mr. Ferguson's allegation was that CLM included an improper fee in the purchase price and concealed the fee through fraudulent and deceptive actions. Whether Mr. Ferguson labeled CLM's actions as unfair, misleading, or deceptive is irrelevant. At the core of Mr. Ferguson's complaint was the allegation that CLM misled him into paying more for the car than he should have paid, and concealed the overcharge either through intentionally deceptive actions or through grossly negligent disclosure practices. Allegations of such fraud and deceit are exempted from the general survival statute and do not survive the plaintiff's death. Accordingly, we hold that Mr. Ferguson's cause of action did not survive his death.[2]

## II. Mootness of the Class Certification

█ The Court of Appeals found that the issue of class certification was mooted by the dismissal of Ferguson's claim. We agree.

█ Usually, an order denying class certification is interlocutory and not immediately appealable. *See Eldridge v. City of Greenwood,* 308 S.C. 125, 126–27, 417 S.E.2d 532, 534 (1992) ("Orders under Rule 23, SCRCP are interlocutory and thus, immediately appealable only in certain circumstances."). This Court reviews interlocutory orders when they contain other appealable issues. *See Hite v. Thomas & Howard Co.,* 305 S.C. 358, 360, 409 S.E.2d 340, 341 (1991) ("[A]n order that is not directly appealable will nonetheless be considered if there is an appealable issue before the Court and a ruling on appeal will avoid unnecessary litigation."), *overruled on other grounds by Huntley v. Young,* 319 S.C. 559, 462 S.E.2d 860 (1995).

---

**2.** We do not hold that all causes of action under the Dealers Act fail to survive the claimant's death, only those rooted in fraud and deceit. The Dealers Act has a wide ambit and covers causes of action not rooted in fraud and deceit, and those causes of action would not be covered by the fraud and deceit exception to the general survival statute.

.

The prerequisites of a class action are set forth in Rule 23, SCRCP:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) *the representative parties will fairly and adequately protect the interests of the class,* and (5) in cases in which the relief primarily sought is not injunctive or declaratory with respect to the class as a whole, the amount in controversy exceeds one hundred dollars for each member of the class.

Rule 23(a), SCRCP (emphasis added).

We find that the class certification issue is moot because Mr. Ferguson no longer adequately represents the class.

■ Where the named plaintiffs' claims become moot after class certification by death or other means, the class claims become moot unless intervenors can be substituted as named plaintiffs. *See Swan v. Stoneman,* 635 F.2d 97 (2d Cir.1980) (class action not rendered moot by named plaintiff's death where other plaintiffs had intervened before death of fellow plaintiff); *see also Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (suggesting that, but for the intervention of a third inmate, prisoner class action in which one named plaintiff died and other was paroled before class certification would have been moot).

■ We hold that where a single named plaintiff in a class action suit dies before class certification, the named plaintiff no longer adequately represents the class and the suit becomes moot, unless a suitable plaintiff intervenes and satisfies the requirements of Rule 23, SCRCP.[3]

## CONCLUSION

For the foregoing reasons, we **AFFIRM AS MODIFIED** the decision of the Court of Appeals.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**3.** This holding would not apply to a class action suit brought by more than one named plaintiff.