609 S.E.2d 544

**Elisha B. TALLENT, d/b/a Elisha's California Hair, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant.**

No. 3924.

Court of Appeals of South Carolina.

Heard Dec. 13, 2004.

Decided Jan. 24, 2005.

Rehearing Denied March 17, 2005.

Beacham O. Brooker, Jr., of Columbia, for appellant.

Robert C. Childs, III, of Greenville, for respondent.

HEARN, C.J.:

The South Carolina Department of Transportation (SCDOT) appeals the circuit court's determination that its actions constituted an actionable taking of Elisha Tallent's property. We affirm.

## FACTS

Elisha Tallent purchased commercial property located at 1801 Old Easley Bridge Road in Greenville, and opened a hair salon and tanning facility known as Elisha's California Hair. Tallent erected a second structure on the property where she operated a consignment shop. Prior to the construction undertaken by SCDOT, Tallent's property had immediate access to Highway 123 via Old Easley Bridge Road.

SCDOT began construction of a controlled-access highway interchange on White Horse Road and the intersection between White Horse Road and Old Easley Bridge Road. During construction, SCDOT erected a fence along Old Easley Bridge Road, removed the traffic light from the intersection, and closed the road to through traffic. As a result, the access points linking Highway 123 and Old Easley Bridge Road were closed, severing Tallent's access to Highway 123 via Old Easley Bridge Road. Tallent's only remaining access to Highway 123 was by means of a series of secondary roads.

Tallent sued SCDOT under a theory of inverse condemnation alleging a taking of access rights by the actions of SCDOT. The circuit court ordered the proceedings bifurcated with the issue of a taking to be tried by the master-in-equity. At the conclusion of the proceedings, the master found the

actions of SCDOT constituted a compensable taking. SCDOT timely appealed.

## STANDARD OF REVIEW

■■■■ A proceeding to determine whether Tallent was deprived of a property right entitling her to just compensation is an equitable action. *See Hardin v. South Carolina Dep't of Transp.*, 359 S.C. 244, 249, 597 S.E.2d 814, 816 (Ct.App.2004) (cert. pending) (concluding that an inverse condemnation proceeding to determine whether a taking has occurred is equitable in nature).[1] "On appeal from an action in equity, the appellate court has authority to find facts in accordance with its own view of the preponderance of the evidence." *See id.*

## ISSUES

I.    Whether section 57–5–1050 of the South Carolina Code (1991) precludes compensation for SCDOT's taking of a landowner's access rights?

II.   Does the fact Tallent's property does not abut the affected section of Highway 123 preclude a determination that the actions of SCDOT constituted an actionable taking?

III.  Did the master properly find Tallent had suffered a special injury?

## LAW/ANALYSIS

### I.   Section 57–5–1050 of the South Carolina Code

■■■ SCDOT argues the enactment of section 57–5–1050 of the South Carolina Code (1991) alleviates SCDOT's necessity to compensate Tallent for an actionable taking of her property. We find this argument has not been properly preserved for our review.

---

1.  *But see Sea Cabins on the Ocean IV Homeowners Ass'n, Inc. v. City of North Myrtle Beach*, 337 S.C. 380, 388, 523 S.E.2d 193, 197–98 ("An action brought by a property owner against a municipality for the taking of the owner's property without just compensation is an action at law."). In an action at law, we must affirm the masters factual findings unless there is no evidence reasonably supporting them. *Id.*

■ A party cannot use a motion to reconsider, alter or amend a judgment to present an issue that could have been raised prior to the judgment but was not. *Kiawah Prop. Owners Group v. Public Serv. Comm'n,* 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004); *see also MailSource, LLC v. M.A. Bailey & Assoc.,* 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct.App.2003) ("A party cannot raise issue for first time in Rule 59(e), SCRCP motion which could have been raised at trial.").

The first time SCDOT argued the enactment of section 57–5–1050 alleviates DOT's necessity to compensate Tallent for an actionable taking of her property was in its motion for reconsideration under Rules 52 and 59, SCRCP. In the motion, SCDOT asserted section 57–5–1050 in the nature of a defense, which would abrogate the requirement to pay compensation for any actionable taking of Tallent's property. However, section 57–5–1050 was never raised as a defense at trial. Therefore, because SCDOT failed to do so, the issue is not preserved. *See, e.g., Kiawah Prop. Owners Group,* 359 S.C. at 113, 597 S.E.2d at 149.

## II. Non-abutting property

SCDOT argues the master erred in finding an actionable taking occurred. Specifically, SCDOT alleges its actions do not constitute an actionable taking of Tallent's property because her property does not abut any street to which access was affected by SCDOT construction project. We disagree.

■ In order to find an inverse condemnation, the landowner must demonstrate: (1) an affirmative, positive, aggressive act on the part of a governmental agency, (2) resulting in a taking, (3) for a public use, (4) with some degree of permanence. *See Gray v. South Carolina Dep't of Highways and Public Transp.,* 311 S.C. 144, 149, 427 S.E.2d 899, 902 (Ct.App. 1992). The only element in dispute here is that of a taking.

■ An actual physical taking is not necessary to entitle a property owner to just compensation under the constitutional prohibition against taking private property for public use without just compensation to the property owner. *Gasque v. Town of Conway,* 194 S.C. 15, 8 S.E.2d 871, 873 (1940), *overruled on other grounds by McCall by Andrews v. Batson,*

285 S.C. 243, 247, 329 S.E.2d 741, 743 (1985) (overruling *Gasque* to the extent it held that an action may not be maintained against the State without its consent). In *Gasque,* the supreme court held:

> The Constitution of this State (Art. 1, Sec.17) provides that private property shall not be taken ... for public use without just compensation being first made therefor. In construing this provision of the Constitution, we have held, along with many other courts, that an actual physical taking of property is not necessary to entitle its owner to compensation. A mans property may be taken, within the meaning of this provision, although his title and possession remain undisturbed. To deprive him of the ordinary beneficial use and enjoyment of his property is, in law, equivalent to the taking of it, and is as much a taking as though the property itself were actually appropriated.

> Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself. It must be conceded that the substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated, and ownership is rendered a barren right.

> The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including, of course, the right of user, and the right of enjoyment.

194 S.C. at 21, 8 S.E.2d at 873 (citations omitted).

Moreover, South Carolina courts have directly addressed the rights of a non-abutting landowner. In *City of Rock Hill v. Cothran,* 209 S.C. 357, 40 S.E.2d 239 (1946), the supreme court established the rights of a landowner to recover damages for impairment of access when the landowner's property does not immediately abut the part of the street closed. The *Cothran* court held:

> The test is, not whether the property abuts, but whether there is a special injury, and the first practical question which presents itself is whether one whose property does

not abut immediately on the part of the street vacated . . . is so specially injured as to be entitled to recover compensation on the ground that his access is cut off in one direction, but not in the opposite direction.

209 S.C. at 368, 40 S.E.2d at 243–44. *See also Hardin v. South Carolina Dep't of Transp.*, 359 S.C. 244, 251, 597 S.E.2d 814, 817 (Ct.App.2004) (restating the *Cothran* test for recovery is not whether the land abuts the affected road but rather has the landowner suffered a special injury); *Gray*, 311 S.C. at 152, 427 S.E.2d at 903–04 ("Under the *Cothran* decision, the lack of a physical entry upon Gray's leasehold is not dispositive of the taking issue. The critical question was whether the closing of the intersection affected the value of Gray's property in some special way not common to the other property in the area.").

■ In the present action, Tallent's property does not abut any part of the affected Highway 123; however, her property abuts Old Easley Bridge Road, a portion of which was closed as a result of SCDOT construction project. Old Easley Bridge Road provided Tallent immediate access to Highway 123, which was terminated by the construction of SCDOT. Therefore, under the *Cothran* test, we reject SCDOT's contention there can be no actionable taking because Tallent's property does not abut the affected Highway 123. Rather, to determine whether an actionable taking occurred, we must resolve whether Tallent suffered a special injury, as a nonabutting landowner, due to the construction by SCDOT.

### III. Special Injury

■ SCDOT argues Tallent did not demonstrate a special injury entitling her to compensation. We disagree.

■ The *Cothran* court defined what constitutes a special injury in South Carolina:

It is well settled that an owner is not entitled to recover damages unless he has sustained an injury different in kind and not merely in degree from that suffered by the public at large. If it appears that there is a special injury, the owner may recover damages notwithstanding his property does not abut, as in this case, on the part of the street vacated, because this amounts to a "taking".

*Cothran,* 209 S.C. at 368, 40 S.E.2d at 243 (citations omitted). "An injury for which damages must be paid is injury to the property itself. The property itself must suffer some diminution in substance, or be rendered intrinsically less valuable by reason of public use." *Gray,* 311 S.C. at 151, 427 S.E.2d at 903 (citation omitted). The fact that access to property is not cut off in either direction by the actions of a governmental agency does not affect the issue of taking, provided special injury is shown, but is to be considered in determining damages. *See Cothran,* 209 S.C. at 370, 40 S.E.2d at 244.

Tallent presented two witnesses, a licensed real-estate broker and an expert in the appraisal of commercial real estate to establish special injury. The testimony established the damages suffered by Tallent as a result of SCDOT construction and removal of access to Highway 123 were different in kind from those suffered by the public at large. Both the expert appraiser and realtor testified the access closure affected Tallent's property differently from other commercial properties because she lost "walk-in" business. The expert appraiser also testified that her business losses differed from those in the area because the other entities were "destination" businesses, such that people will seek them out regardless of the lack of immediate access from Highway 123. Both witnesses also testified that while the surrounding residential area benefited from the actions of SCDOT, the value of Tallent's commercial property had been adversely affected. The realtor further testified that there had been no interest in the property due to the current lack of access to Highway 123.

Tallent's witnesses demonstrated that she suffered special injury different in kind and not merely degree sufficient to satisfy the *Cothran* test. Specifically, the public at large lost mere access to Highway 123 by means of Old Easley Bridge Road, while Tallent was deprived of both access and property value. Therefore, we find Tallent entitled to just compensation for the actionable taking of her property and the decision of the master is hereby

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.