669 S.E.2d 342

Donna F. BRAILSFORD, Individually and as Personal Representative and Trustee under the Will of William M. Brailsford, Deceased, and Kelly T. Brailsford, an Incapacitated Person by her Guardian ad Litem, Plaintiffs,

Of Whom Donna F. Brailsford, Individually and as Personal Representative and Trustee under the Will of William M. Brailsford, Deceased is the Appellant,

v.

John F. BRAILSFORD, Jr., Individually and as Personal Representative and Trustee, and Marjorie B. Nickel, and Elizabeth B. Davis, as Trustees, Respondents.

No. 4456.

Court of Appeals of South Carolina.

Heard Sept. 16, 2008.

Decided Nov. 14, 2008.

Adele Jeffords Pope, of Columbia, for Appellant.

Henry W. Brown, of Columbia, for Respondents.

Pope D. Johnson, III, of Columbia, for Guardian Ad Litem.

THOMAS, J.:

Donna Brailsford (Donna), in her individual and representative capacities, appeals the trial court's Order Granting Summary Judgment and Dismissing Causes of Action, arguing (1) her cause of action on behalf of the estate of William M. Brailsford (William) for fraud survived William's death; and (2) in the alternative, the trial judge lacked authority to issue the Order after engaging in allegedly inappropriate ex parte communication with opposing counsel. Donna also appeals the denial of her motion to alter or amend, alleging the trial judge was without jurisdiction to issue the order after having orally recused himself. We affirm as modified.

## FACTS

This appeal is from the Orangeburg County Court of Common Pleas and involves the trusts and estates of Marjorie

Brailsford (Mother) and John F. Brailsford (Father). During their lives, Mother and Father created a trust, from which upon their deaths the proceeds were to be distributed to each of their five children: John Jr., William, Marjorie Nickel, Elizabeth Davis, and Florence Brailsford[1]. The amount to be distributed to each child was to be adjusted to allow for any gifts given to the respective child during the lives of Mother and Father. Both Mother and Father died in 2000. William died in 2001, survived by his widow, Donna, and an incompetent daughter, Kelly Brailsford.

John Jr., served as the personal representative of the estates of both Mother and Father. He also served as a co-trustee of the trust, along with Marjorie and Elizabeth, as well as co-guardian of the incompetent Florence.

This action was commenced by Donna, personally and in her capacity as Personal Representative of William's estate alleging ten causes of action, including an action entitled "fraud." Subsequently, Kelly was joined as a plaintiff; however, she does not join in this appeal. Initially Donna and Kelly were represented jointly by attorneys Adele Pope and Pope Johnson. However, on December 29, 2004, the trial court issued an order relieving each from joint representation and ordering Johnson to represent only Kelly and Pope to represent only Donna.

In her complaint, Donna alleges various instances of fraudulent conduct that, among other things, affected the amount of distributions made by the trust to William's estate.[2] Among these causes of action was one for fraud arising from a transaction in 1989, in which John, Jr., acquired William's 49% interest in the family owned business by allegedly concealing from him a tort claim the company had. By becoming 100% owner, John Jr. became the sole recipient of an $8 Million settlement.

---

1. Florence is incompetent suffering from cerebral palsy and blindness.

2. These causes of action included (1) Breach of Fiduciary Duty, (2) Removal of Personal Representative and Trustee, (3) Fraud, (4) Distribution of Trust (5) Accounting, (6) Constructive Trust, (7) Return of Property, (8) Conversion, (9) Tortious Interference with Expected Inheritance, and (10) Return of Ill Gotten Gain.

Defendant moved the court for summary judgment, and on December 1, 2004, a hearing was held on this motion, at which Attorney Johnson appeared on behalf of all plaintiffs. During the hearing the trial judge orally granted summary judgment and dismissed Donna's "fraud" cause of action and other causes of action that alleged fraud or deceit against William, "whether called fraud or something else." On February 22, 2005, the trial judge issued a written Order Granting Summary Judgment and Dismissing Causes of Action, as to fraudulent facts and circumstances relating to William Brailsford before his death, stating as follows:

(1) the Plaintiff's third cause of action premised on Fraud is dismissed with prejudice as to all Plaintiffs to the extent this cause of action is based on facts relating to William Brailsford prior to his death. (2) As to all other causes of action, any portion thereof that is premised upon or supported by allegations or evidence generally constituting fraud and deceit, and relating to William Brailsford, are dismissed with prejudice. (3) This Order does not constitute a bar to any evidence or cause of action pertaining to facts and circumstances not meeting the general definition of fraud and deceit and unrelated to William Brailsford.[3]

In the interim, between the oral granting of summary judgment and entry of the written order, counsel for Donna alleged the trial judge engaged in inappropriate ex parte communication with opposing counsel. Based on this belief, on February 24, 2005, Donna's attorney filed a Motion to Recuse, alleging the judge to be, inter alia, biased and incapable of rendering an impartial opinion.

Subsequently on March 1, 2005, Donna filed a Motion to Alter or Amend the Judgment of the court as to the granting of summary judgment. On March 7, 2005, a hearing was held on Donna's Motion to Recuse. During the hearing the trial judge denied the accusations set forth in the motion but nonetheless stated he was recusing himself from the case.

On March 9, the trial judge issued a written denial of Donna's Motion to Alter or Amend and the next day, March

---

3. The Order did not specify which causes of action, if any, were being dismissed. Furthermore, Respondents conceded in oral argument that the Order is limited only to Donna's third cause of action for fraud.

10, issued a written Order of Recusal, recusing himself from the case.

Donna now appeals the granting of summary judgment and also alleges that it was improper for the trial judge to rule on her Motion to Alter or Amend.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, this Court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a triable issue of fact exists, the evidence and all factual inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).

## LAW/ANALYSIS

### I. Survivability of a fraud cause of action

■ Donna first argues that section 62–1–106 of the South Carolina Probate Code operates as a survival statute, which would allow a fraud claim to survive the death of William Brailsford. This argument was not preserved for appeal.

■ Generally "[a] party cannot use a motion ... to alter or amend a judgment to present an issue that could have been raised prior to judgment but was not." *Tallent v. South Carolina Dep't of Transp.*, 363 S.C. 160, 165, 609 S.E.2d 544, 546 (Ct.App.2005); *see also MailSource, LLC v. M.A. Bailey & Assocs. Inc.*, 356 S.C. 370, 374, 588 S.E.2d 639, 641 (Ct.App. 2003) ("A party cannot raise an issue for the first time in a Rule 59(e), SCRCP motion which could have been raised at trial."). In the case sub judice, the argument concerning section 62–1–106 was never presented to the trial court before the filing of the Motion to Alter or Amend; therefore, it is not preserved for appeal and we decline to address it.

■ Donna next argues that it was error for the trial court to dismiss her "fraud" cause of action and other causes of action that were based on acts against William before his death. We disagree, but herein modify the trial court's order.

Statutory law in South Carolina provides "[c]auses of action for and in respect to ... any and all injuries to the person or to personal property shall survive both to and against the personal or real representative ... of a deceased person ... any law or rule to the contrary notwithstanding." S.C.Code Ann. § 15–5–90 (1976). South Carolina, however, has long recognized several exceptions to the survivability of a claim, including an exception for fraud. *See Mattison v. Palmetto State Life Ins. Co.,* 197 S.C. 256, 15 S.E.2d 117 (1941) (actions for fraud or deceit are excepted from the survivability statute); *Ferguson v. Charleston Lincoln Mercury, Inc.,* 349 S.C. 558, 564–65, 564 S.E.2d 94, 97 (2002); *Pamplico Bank & Trust Co. v. Prosser,* 259 S.C. 621, 625, 193 S.E.2d 539, 540 (1972); *Brewer v. Graydon,* 233 S.C. 124, 124, 103 S.E.2d 767, 769 (1958).

In the case at hand, Donna pleads a cause of action for fraud as well as various other causes of action. Applying this State's longstanding exception to the survivability statute for fraud, as set forth in *Mattison* and reiterated in *Ferguson,* her third cause of action for fraud cannot survive William's death. We therefore hold that the trial judge properly dismissed her cause of action for fraud.

As it relates to the other causes of action, the trial judge found "all other causes of action [and] any portion thereof that is premised upon or supported by allegations or evidence generally constituting fraud and deceit, and relating to William Brailsford, are dismissed with prejudice." The trial court order made no specific ruling on which, if any, causes of actions were dismissed.[4]

---

4. We note that the survivability statute was enacted in South Carolina to alleviate the "harshness and injustice of the common-law rule that a personal right of action dies with the person." *Page v. Lewis,* 203 S.C. 190, 190, 26 S.E.2d 569, 570 (1943). The effect of the survivability statute is to "add to, but ... not diminish the classes of causes of action which survive at common law." *Id.* Accordingly, those actions that would survive at common law are not affected by the statute. *See id.*

The fraud exception to survivability is not limited only to a cause of action titled "fraud." *Ferguson,* 349 S.C. at 564–65, 564 S.E.2d at 97. In *Ferguson,* our supreme court recognized that although Ferguson's cause of action arose under the "Dealer Act,"[5] the essence of the Defendant's alleged conduct amounted to misleading Mr. Ferguson, and concealing overcharges by either intentional deception or gross negligence. *Id.* The court held that because such actions fit within the ambit of fraudulent or deceptive conduct, it was insignificant what "label" the Plaintiff gave to such conduct. *Id.* at 565, 564 S.E.2d at 97.

Accordingly, insomuch as any of Donna's causes of action are essentially a cause of action for fraud simply disguised under a different title, such actions do not survive William's death. We, however, do not read *Ferguson* to go so far as to deny the admission of evidence of fraudulent conduct to support an otherwise surviving claim. Although Respondents concede that the Order speaks only to Donna's third cause of action for fraud, to the extent the Order may be interpreted to suggest that causes of action which do survive William cannot be supported by *evidence* of the defendant's fraudulent and deceitful conduct, the Order is hereby modified.

## II. The effect of the ex parte communication

■ Donna next argues that the trial judge should not have ruled on either the summary judgment motion or her motion to alter or amend after engaging in the allegedly inappropriate ex parte communication. We do not agree.[6]

---

Generally, at common law, the maxim "[a]ctio personalis moritur cum persona," which denied survivability of an action ex delicto, was not applied to cases or causes of action within the jurisdiction of equity. *Id.*

In the case sub judice, Donna pleads, in addition to her legal causes of action, various causes of action falling under the jurisdiction of equity, including accounting and constructive trust. Respondent has conceded, and we agree, that the Order does not operate to bar causes of action in equity or other causes of action not otherwise barred by the laws of this State.

5. South Carolina Regulation of Manufacturers, Distributors and Dealers Act. S.C.Code Ann. §§ 56–15–10 thru 56–15–130 (1976).

6. Initially we note that Donna has failed to establish that the ex parte communication amounted to anything more than ex parte scheduling,

■ The substance of this argument is that the ex parte communication created bias or prejudice on the part of the trial judge. In South Carolina, however, "[i]t is not enough for a party to allege bias; a party seeking disqualification of a judge must show some evidence of bias or prejudice." *Doe v. Howe*, 367 S.C. 432, 441, 626 S.E.2d 25, 28 (Ct.App.2005) (citing *Christensen v. Mikell*, 324 S.C. 70, 74, 476 S.E.2d 692, 694 (1996) (internal quotations omitted)); *see also Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal.").

Here Donna cannot demonstrate that the grant of summary judgment was affected by, or the product of, bias or prejudice. Although the ex parte communication occurred before the issuance of the final written order, any bias allegedly created by such communication had no effect on the order. This is evidenced by the fact that the written order was substantially the same as the oral order announced from the bench prior to the ex parte communication. Furthermore, because the denial of the motion to alter or amend was merely an affirmation of the proper denial of summary judgment, we also dismiss this argument as it relates to the denial of the Rule 59(e) motion.

### III.   The effect of the oral grant of recusal

■ Finally, Donna argues it was error for the trial judge to rule on the motion to alter or amend after orally recusing himself from the case, i.e., the trial judge's pronouncements from the bench should have immediate, final, and binding effect. We disagree.

■ Under Rule 58 of the South Carolina Rules of Civil Procedure, "[e]very judgment shall be set forth in a separate document[,] [and such] judgment is effective *only when* so set forth and entered into the record." Rule 58 SCRCP. (emphasis added). The South Carolina Supreme Court has held that under Rule 58 "the written order is the trial judge's final order" and until entry of the written order the judge is free to

which is specifically allowed under the Canons of Judicial Ethics. We also find it noteworthy that the trial judge denied the accusations of improper conduct no fewer than five times.

change his mind. *Ford v. State Ethics Comm'n*, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001); *First Union Nat'l Bank v. Hitman, Inc.*, 306 S.C. 327, 411 S.E.2d 681 (Ct.App.1991), *aff'd*, 308 S.C. 421, 418 S.E.2d 545 (1992). An oral order of the court is not final and binding until reduced to writing, signed by the judge, and delivered for recordation. *Case v. Case*, 243 S.C. 447, 134 S.E.2d 394 (1964).

More specifically, this Court has held that an oral order of recusal is not binding on the court; rather, the order is not effective until and unless so entered in writing. *See Simpson v. Simpson*, 377 S.C. 519, 524, 660 S.E.2d 274, 278 (Ct.App. 2008) (finding that when the trial judge orally granted a motion to recuse but later issued a written denial on the same motion, the oral order had no binding effect on the court).

Accordingly, in light of Rule 58, and *Simpson*, the trial judge's oral recusal in this case was not final and effective until reduced to writing and entered of record with the clerk. Hence, because the denial of the motion to amend was entered prior to the written order of recusal, it was proper.[7]

Appellant urges this Court to adopt a rule requiring that when a trial judge is presented with a motion to recuse, he must first rule on that motion before addressing any other business between the litigants.[8] Because, however, the granting of summary judgment was proper and because the trial

---

7. We are sensitive to the fact that an oral recusal may have more significant effects on the litigants and the case as a whole, as compared to other oral orders. However, of paramount significance in the case at hand is that the trial judge found "absolutely no basis for [him] to recuse [himself]." Rather the recusal seemed to be one of courtesy to Donna's attorney, in an effort to avoid even the slightest appearance of impropriety. In the absence of a true basis for recusal affecting the denial of the motion to amend and in light of the summary judgment motion being properly granted, Donna was not prejudiced by the trial judge's decision to rule on the Rule 59(e) motion.

8. Counsel for Donna brings to this Court's attention that both Georgia and Florida employ such a rule. Georgia has achieved this objective through statute in the Uniform Superior Court Rules. GA USCR 25.3 (1991). On the other hand Florida has developed a common law rule which achieves substantially the same purpose as the Georgia statute. *Robbie v. Robbie*, 726 So.2d 817, 821 (Fla.Dist.Ct.App.1999); *see Fuster–Escalona v. Wisotsky*, 715 So.2d 1053, 1054 (Fla.Dist.Ct.App.1998) (holding that the trial judge erred in ruling on a motion to dismiss while a motion for recusal was pending).

judge recused himself to avoid further animosity in the litigation rather than from any bona fide concerns about his impartiality, the denial of the motion to alter or amend did not inure to Donna's prejudice. Thus, while we think the better practice suggests disposition of any motion to recuse prior to the resolution of other pending matters, we do not find this case an appropriate one to consider the adoption of such a rule.[9]

Accordingly, the trial judge did not err in granting summary judgment, nor was it error to deny the motion to alter or amend.

**AFFIRMED AS MODIFIED.**

SHORT and PIEPER, JJ., concur.

---

9. Assuming, arguendo, this Court were to adopt the rule proposed by Donna and find that the rule was violated in this case, such an error would ultimately prove harmless. Having found the predicate summary judgment proper, to reverse the denial of the motion to amend would simply remand the issue only to be again denied based on our determination as to the summary judgment. Such an outcome is inefficient and illogical.