**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca Lindley Lagroon, Respondent,

v.

Robert Jay Lagroon, Appellant.

Appellate Case No. 2016-000191

———————

Appeal From McCormick County
Deborah Neese, Family Court Judge

———————

Unpublished Opinion No. 2017-UP-330
Submitted March 1, 2017 – Filed August 2, 2017

———————

**AFFIRMED IN PART, REVERSED IN PART, AND
REMANDED IN PART**

———————

Robert Jay Lagroon, of Lincolnton, Georgia, pro se.

George W. Branstiter, II, of Branstiter Law Offices, of
Lexington, and John Ryd Bush Long, of John R. B.
Long, PC, of Augusta, Georgia, both for Respondent.

———————

**PER CURIAM:** Robert Lagroon (Father) appeals an order from the family court dismissing his rule to show cause, arguing the family court erred in denying him pro rata reimbursement from Rebecca Lagroon (Mother) as to the following expenses for their two minor children: (1) orthodontic expenses, (2) psychiatric

fees, and (3) other medical expenses.  We affirm in part, reverse in part, and remand in part.[1]

1.  We find the family court erred in finding the February 2010 order precluded reimbursement to Father for the children's orthodontic expenses.  *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this Court reviews factual and legal issues de novo.").  Accordingly, we reverse the family court's finding and remand for a hearing to determine the amount, if any, Father is entitled to for reimbursement for his orthodontic services.

2.  We find the family court did not err in denying Father pro rata reimbursement for the children's psychiatric fees and other medical expenses.  Father did not introduce documentation supporting his claims at the hearing, and a Rule 59(e), SCRCP motion cannot be used to submit documents as exhibits that could have been submitted at the hearing.  *See Brailsford v. Brailsford,* 380 S.C. 443, 448, 669 S.E.2d 342, 345 (Ct. App. 2008) ("[A] party cannot use a motion . . . to alter or amend a judgment to present an issue that could have been raised prior to judgment but was not."  (quoting *Tallent v. S.C. Dep't of Transp.*, 363 S.C. 160, 165, 609 S.E.2d 544, 546 (Ct. App. 2005))).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.