**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Phillip Francis Luke Hughes, on behalf of the Estate of
Jane K. Hughes, Appellant,

v.

Bank of America National Association, Respondent.

Appellate Case No. 2018-000568

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2021-UP-341
Heard December 7, 2020 – Filed September 29, 2021

**AFFIRMED**

D. Michael Kelly and Bradley Davis Hewett, both of
Mike Kelly Law Group, LLC, and Jamie Nicole Smith,
all of Columbia, for Appellant.

Robert A. Muckenfuss, of Charlotte, North Carolina, and
Elizabeth Marion Zwickert Timmermans, of Raleigh,
North Carolina, both of McGuireWoods LLP, for
Respondent.

**PER CURIAM:**  In 2015, Appellant Phillip Hughes, on behalf of the estate of his mother, Jane Hughes (Jane), filed suit in circuit court for alleged "fraudulent conduct" by Respondent Bank of America.  Appellant alleged that his parents, including Jane, declined an insurance product offered by Bank of America when opening a line of credit there in 2006.  Jane and her husband both signed a document related to the line of credit in which they had checked the option: "I/We DECLINE to purchase any [p]rotection on this [c]redit [l]ine."  According to Appellant, Respondent nonetheless at some point started charging $28.40 a month, purportedly to pay for the insurance.  Appellant brought an array of claims, including one under the federal Truth in Lending Act[1], and state law claims for fraud, fraudulent concealment, and breach of contract.[2]

The case was removed to federal court on Respondent's motion.  Later, Appellant sought "[d]ismissal [w]ithout [p]rejudice for its claims for fraud, fraudulent concealment, and breach of contract accompanied by fraudulent acts" because "there is controlling precedent [from the South Carolina Supreme Court] that may bar recovery for these particular claims by virtue of Jane Hughes's death."  The leftover claims against Respondent were dismissed by the federal district court in an order dated February 13, 2017.

On July 27, 2017, Appellant returned to state court with claims for fraud, fraudulent concealment, breach of contract accompanied by a fraudulent act, violation of the South Carolina Unfair Trade Practices Act (SCUTPA)[3], breach of fiduciary duty, and conversion, as well as a survival action.  At a hearing on Respondent's subsequent motion to dismiss, Appellant conceded that dismissal of the conversion and breach of fiduciary duty claims was likely proper.  Appellant told the court that "the crux of this case is to challenge the state of the law on the fraud claims."  Appellant said he voluntarily dismissed the claims before the federal district court in order to mount an attack on state precedent, in part because of the effect it would have had on the federal action.

In March 2018, the circuit court issued an order "grant[ing Respondent's] Motion to Dismiss, with prejudice," holding that "the claims are barred by the doctrine of *res judicata*."  The circuit court added: "In addition to *res judicata,* [Appellant]'s fraud-related claims are all barred as those claims did not survive the

---

[1] 15 U.S.C. §§ 1601–1667f (2020).

[2] Jane Hughes died in 2015, seven years after her husband's death.  Respondent asserts that it "refunded all of the charges made after Mr. Hughes' death."

[3] S.C. Code Ann. § 39-5-10 to -730 (1985 & Supp. 2020).

death of the [Appellant]'s parents; the SCUTPA statute itself does not allow [Appellant] to bring a claim in a representative capacity; and all of [Appellant]'s claims are barred by the applicable statutes of limitations." On appeal, Appellant argues that (1) the courts should overturn previous precedent on the survivability of fraud claims; (2) the circuit court erred in its decision on res judicata; and (3) the circuit court erred in applying the statute of limitations. This court granted Appellant's "motion to argue against precedent." We affirm the circuit court pursuant to Rule 220(b), SCACR, and the following authorities:

1. Regarding the survivability of the fraud issue: *See Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001) (holding that when reviewing a circuit court's decision on a motion to dismiss, "the appellate tribunal applies the same standard of review that was implemented by the [circuit] court"); S.C. Code Ann. § 15-5-90 (2005) ("Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may be, of a deceased person and the legal representative of an insolvent person or a defunct or insolvent corporation, any law or rule to the contrary notwithstanding."); *Mattison v. Palmetto State Life Ins. Co.*, 197 S.C. 256, 262, 15 S.E.2d 117, 119 (1941) ("It is readily seen that under the above quoted Section, there are but two instances wherein a cause of action survives: (1) For and in respect to any and all injuries and trespasses to and upon real estate, and (2) any and all *injuries to the person* or to personal property. And it is just as readily seen that respondent's . . . cause of action [for fraud] does not come within either of the instances where a cause of action survives."); *Bennett v. Carter*, 421 S.C. 374, 383, 807 S.E.2d 197, 202 (2017) ("However, South Carolina recognizes several exceptions to the survivability of a claim, including an exception for fraud."); *Ferguson v. Charleston Lincoln Mercury, Inc.*, 349 S.C. 558, 564, 564 S.E.2d 94, 97 (2002) ("Despite this broad language, South Carolina case law has continued to recognize a common law exception regarding causes of action for fraud or deceit."); *Layne v. Int'l Bhd. of Elec. Workers Local No. 382*, 271 S.C. 346, 352 n.2, 247 S.E.2d 346, 349 n.2 (1978) ("(T)his Court has held that actions for malicious prosecution, slander, and fraud and deceit do not survive (under the Survival Act)." (alterations in original) (quoting *Brewer v. Graydon*, 233 S.C. 124, 128, 103 S.E.2d 767, 769 (1958))); *Brailsford v. Brailsford*, 380 S.C. 443, 449, 669 S.E.2d 342, 345 (Ct. App. 2008) ("South Carolina, however, has long recognized several exceptions to the survivability of a claim, including an exception for fraud."); S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); *Caldwell v. Wiquist*, 402 S.C. 565, 570, 741 S.E.2d 583, 586 (Ct. App. 2013) ("This court has 'no authority to overrule Supreme Court precedent.'" (quoting

*Blyth v. Marcus*, 322 S.C. 150, 155 n.1, 470 S.E.2d 389, 392 n.1 (Ct. App. 1996)));
*Campbell v. Robinson*, 398 S.C. 12, 18, 726 S.E.2d 221, 225 (Ct. App. 2012) ("[W]e may not overrule supreme court precedent . . . .").

2.  Because we find the circuit court properly dismissed the action based on the state's fraud statute, we decline to address Appellant's second and third issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (citing *Whiteside v. Cherokee Cty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) for the proposition that an "appellate court need not address remaining issues when disposition of prior issue is dispositive").

**AFFIRMED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**