## 21408

The STATE, Respondent, v. William L. BONNEAU, Appellant.

(276 S. E. (2d) 300)

*Asst. Appellate Defender David W. Carpenter* of *S. C. Commission of Appelate Defense,* Columbia and *Asst. Public Defender Veronica G. Small,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Nan L. Black,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

March 11, 1981.

LITTLEJOHN, Justice:

A jury found defendant William L. Bonneau guilty of armed robbery. He has appealed. We affirm.

The sole question for determination of the court is whether the fact that an alternate juror was in the jury room briefly after the judge completed his charge denied the defendant a fair trial under the statute, the Constitution of this state or of the United States.

Section 14-7-1340, *Code of Laws of South Carolina* (1976), provides that alternate jurors may be selected. It stipulates that alternate jurors ". . . shall be discharged upon the final submission of the case to the jury." Article I, § 14, of the South Carolina Constitution provides that "[t]he right of trial by jury shall be preserved inviolate. Any person charged with an offense shall enjoy the right to a speedy and public trial by an impartial jury; . . ." Article V, §18, provides:

"The petit jury of the Circuit Court shall consist of twelve members and the number of jurors of other courts shall be determined by law. All jurors in any trial court must agree to a verdict in order to render the same. . . ."

Article I, § 3, states that persons may not ". . . be deprived of life, liberty, or property without due process of law. . . ." The Sixth Amendment to the Constitution of the United States provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury. . . ." The Fourteenth Amendment provides that a state may not ". . . deprive any person of life, liberty, or property, without due process of law; . . ."

After the prosecution had presented its case, the defense announced that it would submit no evidence, and the judge proceeded to charge the law to the jury, including the alternate juror. Under *Code* § 17-23-100, the trial judge is required to

". . . temporarily excuse the jury from the presence of counsel and litigant in order to give counsel and litigant an opportunity to express objections to the charge or request the charge of additional propositions made necessary by the charge, out of the presence of the jury."

In keeping with the statute, the trial judge excused the jury, including the alternate after stating:

"I'm going to ask you to go to your jury room now, and don't begin your deliberations until I have had a chance to talk to the attorneys. In the event I do not have to call you back out, I'll ask you to knock on the door when you have reached a verdict. However, when I—when you start deliberating, don't start deliberating until I have sent in to you the indictment, together with any exhibits."

The jury and the alternate juror were sent out at 3:33 in the afternoon. They were called back, according to defense counsel's own brief, at 3:43 or 3:44. At that time the judge excused the alternate juror, and defense counsel requested, but was denied, a mistrial on the basis that the alternate juror had not been timely discharged. The jury returned a verdict at 4:30 p. m. After the jury had agreed on a guilty verdict, defense counsel moved for a new trial on the ground that the brief presence of the alternate juror in the jury room, *per se,* denied his client a fair trial. The motion was overruled.

In making the ruling denying a mistrial, the judge stated:

"The Court: All right. I'm going to deny your mistrial, based on the length of time that she was in there, and I will correct the record to the fact that she was sworn as a juror. She wasn't on the Jury—but an alternate, but she was sworn, and, from any calculations, the Jury went out, according to the clerk at 3:33, and by the time I got through reviewing with you all whether there were exceptions or additions and considering your motion on that, at least a couple of minutes had elapsed, and he went in there, and they ordered coffee

next, and he said they were still talking, and we realized that at least sixteen or seventeen minutes until four, so, if any deliberations took place while they were still waiting for the coffee, it was less than five or ten minutes, so I don't see how any possible error could have been committed or any prejudice to the Defendant."

With these facts, we proceed to answer the question: Was the defendant denied a fair trial? We think that he was not.

It is, of course, incumbent upon an appellant in this court to prove that he was denied a fair trial. Here, the party seeking relief is admittedly confronted with the difficult, if not impossible, task of showing that something happened in the jury room, where proceedings are secret, which may have prejudiced his rights.

The defendant cites several cases from other jurisdictions which lend comfort to the position he takes. A majority of the courts have held that intrusion into the jury room by persons other than those jurors charged with the duty of deciding the case is, in and of itself, sufficient to make a verdict questionable and require a new trial. In some jurisdictions, the courts have approved a proceeding whereby the judge inquires of the jurors the extent of the participation, if any, of the intruder. In this case, the State suggests that the defendant would be entitled, at most, to an inquiry by the judge as to what part, if any, the alternate juror took in the deliberations. We are not unmindful of the authorities to the contrary, but we simply do not agree, under the facts set forth herein, that a new trial is required. This case is akin to those holding that the fact that an alternate juror may have been with the jury momentarily is no justification for invalidating the verdict ultimately reached.

The alternate juror was obviously qualified according to law and authorized to act upon the case if her services had been required.

While defense counsel, in written brief, only argues a violation of § 14-7-1340 of our Code, and of Article I, § 14, and of Article V, § 18, of the State Constitution, we have reviewed the case in the light of the United States Constitutional provision referred to hereinabove, and find no violation. The alternate juror's brief stay in the jury room, under the circumstances, involved at most an irregularity in contravention of the statute; it was not an irregularity of constitutional dimensions.

It should be noted that the two Constitutions mandate jury trial in the most general terms. The respective legislatures and the congress may legislate relative to the details of conducting trials. In like fashion, the court may promulgate rules. At the same time, the mandates for conducting jury trials are basically of common law origin. The customs, traditions, and precedents have come into being as law by reason of the development of the common law.

We appreciate the fact that the two Constitutions mandate that a jury trial shall be conducted so that no person shall be deprived of his liberty without due process of law. Simply put, and in laymen's language, this merely means that every defendant is entitled to a fair trial. We have reviewed the entire record in the light of applicable law, and we conclude that this defendant has not been denied a fair trial. To hold otherwise would substitute form for substance. It would necessitate a new trial based on the most flimsy of technicalities.

After the alternate juror was excused, those 12 jurors charged with the responsibility of determining guilt deliberated more than 45 minutes and unanimously concluded that this defendant was guilty of armed robbery beyond a reasonable doubt. The defendant was entitled to a fair trial, but not necessarily one satisfactory to him. This he has had.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.