660 S.E.2d 274

**William R. SIMPSON, Jr., Appellant,**

v.

**Becky H. SIMPSON and Wade Ingle, Defendants,**

**of whom Becky H. Simpson is Respondent.**

No.  4340.

Court of Appeals of South Carolina.

Heard Nov. 6, 2007.
Decided Feb. 8, 2008.
Rehearing Denied April 28, 2008.

520

Steven S. McKenzie, of Manning, for Appellant.

James McLaren, C. Dixon Lee, and Jan L. Warner, all of Columbia, for Respondent.

PER CURIAM.

William Robert Simpson, Jr., (Husband) appeals the family court's denial of Husband's motion for the family court's recusal based on its finding that there are no conflicts of interests or other reasons why it should disqualify itself or grant a new trial. We affirm.

## FACTS

Husband is the son of Daisy Wallace Simpson (Mother) and William Robert Simpson, Sr. (Father). In December 2004, Judge R. Wright Turbeville granted Mother and Father a divorce. As a shareholder/member of W.R. Simpson Farms, L.L.C., Husband was named a party to Mother and Father's divorce action.

Husband and Becky H. Simpson (Wife) were granted a divorce in March 2005 through a bifurcated Decree of Divorce. In March 2006, Judge Frances P. Segars–Andrews heard the remaining issues pursuant to the bifurcated Divorce Decree. Husband and Wife entered into a Consent Order on the issues of child custody and visitation, and Judge Segars–Andrews issued written instructions for a Final Order on all remaining issues.

Lon Shull (Shull), a partner in the law firm of Andrews and Shull in Mt. Pleasant, South Carolina, was a witness, via affidavit, at the request of Mother's attorneys, in Mother and Father's divorce action regarding the issue of attorneys' fees. Shull's law partner is Mark O. Andrews, the husband of Judge Segars–Andrews.

Subsequent to Judge Segars–Andrews' issuance of instructions for the Final Order, Husband filed a motion for a new trial which asserted a conflict of interest had not been disclosed. Husband alleged a conflict due to Shull's involvement in Mother and Father's case and his connection to Judge Segars–Andrews' husband. Husband's motion did not allege any prejudice or bias as a result of this conflict, and after a hearing on this motion, Judge Segars–Andrews denied the motion.

At this same hearing, however, Judge Segars–Andrews, acting *sua sponte*, orally stated she would recuse herself. Judge Segars–Andrews raised the question of whether she should disqualify herself because James McLaren, Wife's counsel in the present divorce action, and Shull had been co-counsel in a personal injury case. This unrelated case ended in late 2004 or early 2005 and resulted in a substantial fee to Shull's firm, which in turn benefited his law partner, Judge Segars–Andrews' husband.

After receiving memos from both parties on this question, Judge Segars–Andrews found the situation did not require her to disqualify herself, and therefore, she had a duty to hear the case. This appeal follows.

### STANDARD OF REVIEW

"Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify [herself] will not be reversed on appeal." *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004).

### LAW/ANALYSIS

We begin by addressing Wife's argument, which was made for the first time at oral argument, that this Court is procedurally barred from hearing this appeal. Wife argues a denial of a motion for disqualification of a judge is an interlocutory order, and therefore, it may only be reviewed by this Court on an appeal from a final order. *See Rogers v. Wilkins*, 275 S.C. 28, 29–30, 267 S.E.2d 86, 87 (1980) (finding the denial of a motion for disqualification is interlocutory and reviewable only after an appeal from final judgment); *see Townsend v. Townsend*, 323 S.C. 309, 312, 474 S.E.2d 424, 427 (1996) ("A

denial of a motion for disqualification of a judge is an interlocutory order not affecting the merits and, thus, is reviewable only on appeal from a final order.").

Wife is correct in her statement of the law; however, the case before us is distinguishable from the cases Wife references to support her argument. In the current case, although two separate appeals[1] have been filed, each follows a final order from the family court. Neither party moved to consolidate the two appeals, so they have proceeded separately. Because this appeal of Judge Segars–Andrews' denial of a motion for disqualification follows a final order, it is not an interlocutory appeal and is, therefore, properly before this Court.

Husband argues the family court erred in overturning its *sua sponte* recusal. We disagree.

South Carolina's Code of Judicial Conduct states, "A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities." Canon 2 of the Code of Judicial Conduct, Rule 501, SCACR. The Code requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. . . ." Canon 2 of the Code of Judicial Conduct, Rule 501, SCACR. When disqualification is not required, however, the Code states, "A judge shall hear and decide matters assigned to the judge. . . ." Canon 3B(1) of the Code of Judicial Conduct, Rule 501, SCACR. "A judge's impartiality might reasonably be questioned when his [or her] factual findings are not supported by the record." *Patel*, 359 S.C. at 524, 599 S.E.2d at 118.

In the current case, Judge Segars–Andrews' findings are supported by the record. Judge Segars–Andrews provided a detailed list of findings in support of her decision on how to equitably divide the assets of Husband and Wife. Judge Segars–Andrews made these findings and included them in her "Instructions for Order" before she remembered the previous relationship between her husband's law partner and

---

1. This appeal concerns Judge Segars–Andrews' denial of Husband's motion for disqualification. Husband also appeals Judge Segars–Andrews' Final Order for Equitable Division, Child Support, Attorney's Fees and Costs.

Wife's counsel. Facts in the record support Judge Segars–Andrews' findings. We see no evidence showing bias or prejudice.

The party seeking disqualification must do more than merely allege bias on the judge's behalf; the party must present some evidence of judicial prejudice or bias. *Id.* at 524, 599 S.E.2d at 118. "In applying Canon 3[ (E) ](1), the South Carolina Supreme Court has stated that the movant or petitioner must show some evidence of the bias or prejudice of the judge." *Lyvers v. Lyvers,* 280 S.C. 361, 367, 312 S.E.2d 590, 594 (Ct.App.1984) (internal quotations and citations omitted). When an appellant offers no evidence to support his claim of partiality, the trial judge is correct to deny a Motion for Recusal. *See Christensen v. Mikell,* 324 S.C. 70, 74, 476 S.E.2d 692, 694 (1996) ("Appellant offered no evidence to support his claim of partiality. Accordingly, the trial judge properly denied the Motion to Recuse.").

Husband has not shown any evidence of bias or prejudice on behalf of Judge Segars–Andrews. Husband argues Judge Segars–Andrews' own statements about the need to disclose the previous working relationship between her husband's law partner and Wife's counsel might reasonably question her impartiality. Husband fails, however, to provide any evidence of how the former relationship actually resulted in some prejudice or bias in Judge Segars–Andrews' ruling. Thus, Judge Segars–Andrews was correct to deny Husband's request for recusal.

In *Doe v. Howe,* the trial judge chose to make disclosures to both sides about his contacts with Howe and his law clerk's contacts with the law firm representing Howe. 367 S.C. 432, 439, 626 S.E.2d 25, 28 (Ct.App.2005). The trial judge did not then recuse himself; Doe, therefore, alleged judicial prejudice. *Id.* This Court held,

> Because Doe made no showing here of actual prejudice, we find no abuse of discretion in the trial judge's refusal to disqualify himself. If anything, the trial judge demonstrated sensitivity toward any concerns Doe might have had regarding his impartiality by voluntarily making full disclo-

sure of his and his law clerk's contacts with Howe and Howe's counsel.

*Id.* at 441, 626 S.E.2d at 29.

Just as in *Doe*, we find Husband has made no showing of actual prejudice on behalf of Judge Segars–Andrews. We find Judge Segars–Andrews' remarks about her concern for not disclosing the information at the beginning of the hearing do not show any bias or prejudice but instead show her sensitivity to any apprehension each side might have in her ability to make a fair and impartial ruling in the case.

■ Husband also argues Judge Segars–Andrews' written order denying his request for recusal is a reversal of her earlier oral disqualification, but we find this argument without merit. Judge Segars–Andrews' oral ruling regarding recusal did not constitute a final order by the Judge, and therefore, her final order denying Husband's request for recusal was not a reversal of a previous order. South Carolina law is clear that "[n]o order is final until it is written and entered." *Corbin v. Kohler Co.*, 351 S.C. 613, 620, 571 S.E.2d 92, 96 (Ct.App.2002). "Until written and entered, the trial judge retains discretion to change his [or her] mind and amend his [or her] oral ruling accordingly." *Id.* at 621, 571 S.E.2d at 96. A written order may be issued which is inconsistent with a prior oral ruling, and to the extent the two conflict, the written order controls. *Id.* at 621, 571 S.E.2d at 97. "The written order ... constitutes the final judgment of the court." *Id.*

Judge Segars–Andrews made an initial oral ruling deciding she would recuse herself from this matter but also agreed to accept memoranda on the issue. After reviewing the memoranda and affidavits from each side, however, she found she had no reason to recuse herself and, therefore, had a duty to adjudicate the case. Judge Segars–Andrews' final, written order denied Husband's request for recusal. The written order controls.

■ Having found no evidence that could question the impartiality of Judge Segars–Andrews, or any other reason requiring her recusal, we find Canon 3B(1) to be controlling, which imposes a "duty to sit." When disqualification is not required, the South Carolina Code of Judicial Conduct holds,

"A judge *shall* hear and decide matters assigned to the judge...." Canon 3B(1) of the Code of Judicial Conduct, Rule 501, SCACR (emphasis added). This duty has been recognized and imposed in both state and federal courts. *See McBeth v. Nissan Motor Corp. U.S.A.,* 921 F.Supp. 1473, 1477 (D.S.C.1996) ("No judge, of course, has a duty to sit where his impartiality might be reasonably questioned."); *Barritt v. State,* No. CACR06–1261, 2007 WL 2713593, at *6 (Ark.Ct. App. Sept. 19, 2007) ("When recusal is in issue, this court has held that a judge has a duty to sit on a case unless there is a valid reason to disqualify....") (internal citations omitted); *In re Turney,* 311 Md. 246, 533 A.2d 916, 920 (1987) ("Moreover, a judge's duty to sit where not disqualified is equally as strong as the duty not to sit where disqualified."); *Adair v. State,* 474 Mich. 1027, 709 N.W.2d 567, 579 (2006) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.")(internal quotations and citations omitted); *Millen v. Eighth Judicial Dist. ex rel. County of Clark,* 148 P.3d 694, 700 (Nev.2006) ("Thus, a judge has a general duty to sit, unless a judicial canon, statute, or rule requires the judge's disqualification."); *Tennant v. Marion Health Care Found., Inc.,* 194 W.Va. 97, 459 S.E.2d 374, 385 (1995) ("Also important, however, is the rule that a judge has an equally strong duty to sit where there is no valid reason for recusal.").

## CONCLUSION

Husband has failed to present any evidence of prejudice or bias on Judge Segars–Andrews' behalf which would require her to recuse herself, and thus, Judge Segars–Andrews had the duty to sit for this matter.

Accordingly, the family courts decision is

**AFFIRMED.**

ANDERSON, SHORT, and WILLIAMS, JJ., concur.