THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Freddie Bartley,
 as Personal Representative of the Estate of Rachel Bartley, Appellant,
 
 
 

v.

 
 
 
 Ford Motor
 Company, Respondent.
 
 
 

Appeal From Edgefield County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2011-UP-462
 Heard September 12, 2011  Filed October
19, 2011

AFFIRMED

 
 
 
 D. Mike Kelly, of Columbia and R. Graham
 Esdale, Jr. and J. Cole Portis, both of Montgomery, Alabama, for Appellant.
 J. Kenneth Carter, Jr. and Carmelo V.
 Sammataro, both of Columbia and William J. Conroy, of Philadelphia, Pennsylvania,
 for Respondent.
 
 
 

PER CURIAM: On
 appeal, Freddie Bartley, as personal representative of the estate of Rachel
 Bartley, asserts the circuit court abused its discretion by excusing a juror
 the court observed sleeping and impaneling an alternate during closing
 arguments.  
1. We find no error in
 the circuit court's decision to replace the sleeping juror
 with an alternate.  Whether to replace a
 juror with an alternate is a matter within the sound discretion of the circuit
 court, and its decision will not be reversed on appeal absent an abuse of
 discretion.  State v. Carmack, 388 S.C. 190, 198, 694 S.E.2d 224, 228
 (Ct. App. 2010); State v. Bell, 374 S.C. 136, 147, 646 S.E.2d 888, 894
 (Ct. App. 2007).  Bartley's reliance on State v. Hurd, 325 S.C. 384, 480
 S.E.2d 94 (Ct. App. 1996), is misplaced.  In Hurd, counsel brought the
 sleeping juror to the attention of the court, and the circuit court implicitly
 acknowledged the juror was in fact asleep during some parts of the closing
 arguments and the jury charge, but the circuit court refused a request to
 question the juror or replace the juror.  Id. at 384, 480 S.E.2d at 97.  Here,
 the circuit court brought the sleeping juror to the attention of trial counsel,
 attempted to put several safeguards into place to prevent the dismissal of the
 sleeping juror, but ultimately had to replace the juror with a qualified,
 alternate juror.[1] 
 As this court held in Hurd, "the [circuit court] should have either determined whether the juror was in fact asleep, recharged the entire jury, or
 replaced the juror."  Id. at 384, 480 S.E.2d at 97 (emphasis
 added).  By replacing the sleeping juror with a qualified, alternate juror, the
 circuit court did not abuse its discretion in refusing Bartley's request to
 question the juror as to whether she heard all of the closing arguments.
2.  Even if the circuit
 court abused its discretion, Bartley failed to prove he was prejudiced by the circuit
 court's decision to replace the sleeping juror
 with an alternate juror.  South Carolina
 law has consistently rejected a per se reversible error rule and has required
 the defendant to prove prejudice.  See State v. Grovenstein, 335
 S.C. 347, 352, 517 S.E.2d 216, 218 (1999) (rejecting a presumption of prejudice
 and holding a defendant must establish he was denied a fair trial as a result
 of an alternate juror's momentary participation in jury deliberations); State
 v. Wasson, 299 S.C. 508, 510, 386 S.E.2d 255, 256 (1989) (stating the burden is on the defendant to show not only
 error but resulting prejudice from jurors' reading of trial-related newspaper
 article); State v. Bonneau, 276 S.C. 122, 125, 276 S.E.2d 300, 301
 (1981) (holding that it is incumbent on a defendant to demonstrate the presence
 of an alternate juror denied him a fair trial).  The alternate juror had
 been approved by both sides at the inception of the trial, and there was no showing
 that Bartley withdrew that approval at the time of substitution. Accordingly,
 Bartley has failed to establish in what manner this procedure prejudiced him.
AFFIRMED. 
SHORT, WILLIAMS, and
 GEATHERS, JJ., concur.    

[1] The circuit court interrupted Ford's closing
 argument and excused the jury for a short recess to give the juror an
 "opportunity to have a shot of caffeine or something."  After a few
 moments, the circuit court took the extraordinary measure of interrupting
 Ford's closing argument again to admonish the jury and ensure that the jurors
 were being attentive.  In addition, the circuit court stated on the record that
 he "turned the air conditioner down" in an attempt to keep the juror
 awake.