**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Anthony Lounds, Appellant.

Appellate Case No. 2011-196208

———————————

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-289
Heard June 12, 2013 – Filed June 26, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Appellant Anthony Lounds seeks review of his convictions for armed robbery and possession of a weapon during the commission of a violent crime. Appellant argues the trial judge erred in declining to recuse himself because he presided over a previous trial of Appellant. Appellant also argues the

trial court erred in denying his motion for a mistrial when a juror waited until after she had been seated to disclose that she had been the victim of a violent crime. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Appellant's motion for recusal: Canon 3(B)(1) of the Code of Judicial Conduct, Rule 501, SCACR [hereinafter Canon 3(B)(1)] ("A judge *shall* hear and decide matters assigned to the judge except those in which disqualification is required." (emphasis added)); Canon 3(E)(1) of the Code of Judicial Conduct, Rule 501, SCACR [hereinafter Canon 3(E)(1)] (requiring a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might *reasonably* be questioned" (emphasis added)); *State v. Howard*, 384 S.C. 212, 218, 682 S.E.2d 42, 45 (Ct. App. 2009) ("[A] judge is not disqualified in a criminal action because of an adverse decision in a former case involving entirely different and unrelated criminal charges against the same party." (citation omitted)); *Simpson v. Simpson*, 377 S.C. 519, 523-24, 660 S.E.2d 274, 276-77 (Ct. App. 2008) (interpreting Canon 3(E)(1), *supra*, and the requirement of Canon 2 of the Code of Judicial Conduct, Rule 501, SCACR, for a judge to avoid the appearance of impropriety and holding when a party offers no evidence to support a claim of partiality, the trial judge is correct to deny a motion for recusal); *id.* at 525-26, 660 S.E.2d at 278 (finding Canon 3(B)(1), *supra*, controlling when there was "no evidence that could question the impartiality of [the trial judge], or any other reason requiring her recusal"); *State v. Jackson*, 353 S.C. 625, 627, 578 S.E.2d 744, 745 (Ct. App. 2003) (holding a judge's alleged bias or prejudice must stem from an extra-judicial source and result in a decision based on information other than what the judge learned from his or her participation in the case as a judge); *State v. Cheatham*, 349 S.C. 101, 111, 561 S.E.2d 618, 624 (Ct. App. 2002) ("A judge must exercise sound judicial discretion in determining whether his impartiality might reasonably be questioned."); *id.* ("It is not enough for a party seeking disqualification to simply allege bias. The party must show some evidence of bias.").

2. As to Appellant's mistrial motion: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Patterson*, 324 S.C. 5, 19, 482 S.E.2d 760, 767 (1997) (observing the appellant was limited to the grounds raised at trial); *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id.* at 63, 530 S.E.2d at 628 ("In order to receive a mistrial, the defendant must show error and resulting prejudice."); *State v.*

*Bonneau*, 276 S.C. 122, 125, 276 S.E.2d 300, 301 (1981) ("It is, of course, incumbent upon an appellant in this court to prove that he was denied a fair trial.").

**AFFIRMED.**

**FEW, C.J., GEATHERS, J., and CURETON, A.J., concur.**