**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Berry, Appellant,

v.

Mary Beth Holloway and Eric Holloway (deceased), Defendants,

v.

Douglas Holloway and Darnell Holloway, Intervenors,

Of whom Mary Beth Holloway, Eric Holloway, Douglas Holloway and Darnell Holloway are the Respondents.

Appellate Case No. 2015-002476

———————————

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-266
Submitted March 1, 2018 – Filed June 20, 2018

———————————

**AFFIRMED**

———————————

Christopher Berry, pro se Appellant.

Peter George Currence, of McDougall, Self, Currence & McLeod, LLP, of Columbia, for Respondents Douglas

Holloway and Darnell Holloway.

———————

**PER CURIAM:** Christopher Berry appeals the family court's award of attorney's fees to Douglas and Darnell Holloway (Grandparents) in Berry's stepfather adoption action.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Berry's argument the family court erred in granting Grandparents attorney's fees: *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (stating an "issue conceded in the trial court cannot be argued on appeal."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 129, 542 S.E.2d 736, 743 (Ct. App. 2001) ("As a general rule, the objection in the trial court must have been made by the party who urges the error in the appellate court." (quoting 4 C.J.S. *Appeal & Error* § 219 (1993))); *Butler v. Sea Pines Plantation Co.*, 282 S.C. 113, 123, 317 S.E.2d 464, 470 (Ct. App. 1984)("Generally, where bias and prejudice of a trial judge is claimed, the issue must be raised when the facts first become known and, in any event, before the matter is submitted for decision."); Rule 210(h), SCACR (stating the appellate court will not consider any fact that does not appear in the record on appeal); Rule 210(c), SCACR (stating the record on appeal shall not include matter that was not presented to the lower court); *State v. Carlson*, 363 S.C. 586, 608, 611 S.E.2d 283, 294 (Ct. App. 2005) (stating the appellant bears the burden of presenting a sufficient record to allow review); *Gurganious v. City of Beaufort*, 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct. App. 1995) (holding a party may not present one ground at trial and then change his theory on appeal).

2. As to Berry's argument the trial court erred in not accepting the stipulation of dismissal in this matter: *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Simpson v. Simpson*, 377 S.C. 519, 525, 660 S.E.2d 274, 277-78 (Ct. App. 2008) ("South Carolina law is clear that '[n]o order is final until it is written and entered'" (quoting *Corbin v. Kohler Co.*, 351 S.C. 613, 620, 571 S.E.2d 92, 96 (Ct. App. 2002))); *id.* ("Until written and entered, the trial judge retains discretion

———————

[1] Although Mary Beth Holloway is "jointly and severally" responsible for the attorney's fees, she did not appeal.

to change his [or her] mind and amend his [or her] oral ruling accordingly." (quoting *Corbin*, 351 S.C. at 621, 571 S.E.2d at 96)); *Miller v. Miller*, 375 S.C. 443, 460, 652 S.E.2d 754, 763 (Ct. App. 2007) ("A party must make a post-trial motion where there are inaccuracies in the order or inconsistencies between an oral ruling and a written order.").

**AFFIRMED.**[2]

**HUFF, GEATHERS, and MCDONALD, JJ. concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.